UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mary Ann McBride, et al.,

    Plaintiffs,

v.                                                                      Case No. 15-11222

Michigan Department of                                 Honorable Sean F. Cox
Corrections, et. al.,                                          Magistrate Judge David R. Grand

    Defendants.
_____/

**ORDER ACCEPTING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiffs, and Michigan state prisoners, Mary Ann McBride, Brian Stanley Wittman, and Ralph Williams (collectively "Plaintiffs"), filed this civil rights class action against multiple defendants, claiming that they have been discriminated against for being deaf or significantly hearing impaired. Plaintiffs specifically assert violations of: (1) Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"); (2) the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. ("RA"); (3) The Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq*. ("RLUIPA"); (4) the Free Exercise Clause of the First Amendment (42 U.S.C. § 1983 - against individual defendants in their official capacities); and (5) the Free Speech Clause of the First Amendment (42 U.S.C. 1983 - against individual defendants in their official capacities). (D.E. No. 1, Complaint).

Defendants MDOC, Heyns, Finco, Treacher, Stewart, Woods, and Stoddard (Collectively,

1

"Defendants") filed a motion to dismiss and/or motion for summary judgment[1] on May 1, 2015. (D.E. No. 15, Def.'s Br.). Thereafter, this Court referred all pretrial matters, including Defendants' motion, to Magistrate Judge David R. Grand pursuant to 28 U.S.C. 636(b)(1)(A) and (b)(1)(B). (D.E. No. 17). Plaintiffs filed a response to the motion on May 22, 2015. (D.E. No. 23, Pl.s' Resp.). Defendants did not file a reply. The Magistrate Judge entertained oral argument as to Defendants' motion on September 19, 2015. (D.E. No. 26).

On October 30, 2015, Magistrate Judge Grand issued a Report and Recommendation ("R&R), wherein he recommended that this Court DENY Defendant's motion for partial summary judgment. (D.E. No. 28). Defendants timely objected to the R&R on November 13, 2015. (D.E. No. 29, Def.s' Objs.). Plaintiffs responded to Defendants' objections on December 4, 2015.[2] (D.E. No. 31).

The Court finds Defendants' objections to be without merit. Therefore, the Court shall **ADOPT** the R&R and **DENY** Defendants' motion.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. FED. R. CIV. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a

---

[1] The Magistrate Judge characterizes Defendants' motion as a partial motion for summary judgment because Defendants' motion did not seek dismissal of Plaintiff's Rehabilitation Act and free speech claims. (R&R at n. 2). In their response to Defendants' motion, Plaintiffs point out that Defendants failed to include a statement of undisputed facts in their motion, as required by this Court's practice guidelines.

[2] The Court agreed to extend Plaintiff's Response deadline to December 4, 2015.

person objects; and (B) state the basis for the objection." E.D. MICH. LR 72.1(d). Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

As a preliminary matter, because Defendants submitted, and the Court accepted, documents concerning "matters outside the pleadings," the Magistrate Judge recommended that Defendants' motion be treated as a summary judgment motion. (R&R at n. 1) (citing FED. R. CIV. P. 12(d)). The Court agrees that the summary judgment standard is appropriate here.

## ANALYSIS

In their motion, Defendants argued that: (1) Plaintiffs failed to exhaust their administrative remedies as to most of their allegations against any Defendant; (2) that MDOC is entitled to sovereign immunity with regard to Plaintiffs' Title II ADA claim pursuant to the Eleventh Amendment; (3) that Plaintiffs' RLUIPA claim is not cognizable because a "substantial burden" has not been imposed on Plaintiffs' religious exercise; and (4) that Defendants' failure to provide sign interpreters for religious services does not amount to a violation of the Free Exercise Clause of the First Amendment.

Magistrate Judge Grand disagreed with Defendants on each point. The R&R first

concludes that Defendants failed to demonstrate that each of the named plaintiffs' claims were unexhausted as to each named defendant. Magistrate Judge Grand further concluded that Plaintiffs' Title II ADA claim abrogated MDOC's sovereign immunity. As to Defendants' RLUIPA argument, the Magistrate Judge found the factual record entirely undeveloped and concluded that summary judgement should be denied. The Magistrate Judge rejected Defendants' Free Exercise Clause argument on the same basis as the RLUIPA argument: namely, that the record lacked any evidence to substantiate Defendants' claim on this point.

Defendants have lodged four objections to the October 30, 2015 R&R. For the reasons stated in the R&R, and for the reasons stated below, Defendants' objections are without merit.

**Objection #1 - Exhaustion Argument**

In their first objection, Defendants challenge the Magistrate Judge's conclusion that Plaintiffs exhausted their claims against them. Defendants maintain that Plaintiffs failed to comply with MDOC Policy Directive ("P.D.") 03.02.130, which states, in relevant part, that:

> P. Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue... The Step I **grievance must be filed within five business days after the grievant attempted to resolve the issue with staff**.
>
> . . . .
>
> R. A grievant shall... **[include] [t]he dates, times, places and names of all those involved in the issue being grieved**...

(R&R at 8) (emphasis added). Defendants argue that McBride and Wittman failed to list all of the individually listed defendants in each of their grievances, as is required by P.D. 03.02.130 ¶ R. Thus, according to Defendants, McBride and Wittman failed to properly exhaust with respect

to all defendants not identified in their respective grievances. Defendants also contend that Williams failed to properly exhaust his grievance because he failed to identify any defendants in his grievance.

Magistrate Judge Grand correctly noted that proper exhaustion meant "complet[ing] the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law." (R&R at 7). Although the R&R conceded that McBride and Wittman failed to identify certain defendants in their grievances, Magistrate Judge Grand rejected Defendants' exhaustion argument on two grounds: (1) certain defendants could not have been listed in the grievances at the time Plaintiffs filed them; and, alternatively, (2) to the extent that Plaintiffs could have listed certain Defendants, but did not, Defendants may not invoke a procedural bar for the first time now. (R&R at 11) (citing *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010); *see also* (R&R at 13).

Defendants specifically contend that Magistrate Judge Grand erroneously applied the Sixth Circuit's holding in *Reed-Bey* to the grievances at issue here. In *Reed-Bey*, the plaintiff's grievance failed to identify the names of all those involved in the issue being grieved, despite prison procedural rules requiring such. Rather than invoke a procedural bar, prison officials addressed the plaintiff's grievance on its merits. The Sixth Circuit concluded "that [the plaintiff] properly exhausted his claim because he invoked one complete round of the Department's grievance procedures and received merits-based responses at each step." *Id.* at 326. The court explained that "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise defaulted claims on the merits, so... will we." *Id.* at 325.

Because the Magistrate Judge addressed each Plaintiff separately, the Court shall as well.

5

**McBride**

McBride filed three relevant grievances: Grievances 06c, 03f, and 06e. (R&R at 9). With respect to grievance 06c and 03f, Defendants argue that McBride failed to identify all Defendants in her grievances.[3] Defendants take issue with the Magistrate Judge's conclusion that even if Grievances 06c and 03f are unexhausted, "they are still ripe for judicial review because MDOC officials addressed the grievances on the merits." (R&R at 11) (citing *Reed-Bey*, 603 U.S. at 324). Defendants' objection here is without merit.

As a threshold matter, the Magistrate Judge rejected Defendants' exhaustion argument as to McBride on two alternative grounds. First, the Magistrate Judge reasoned that with respect to Grievance 03f, McBride satisfied the prison's procedural requirements "because she identified all of the relevant parties whom she reasonably could have known about at the time she filed this grievance."[4] (R&R at 9). Defendants appear to ignore the portion of the R&R, where Magistrate Judge Grand explains that McBride could not have included certain defendants in her grievance: (1) Defendant Stewart was not identified in the grievance because Stewart was warden at the time the action was filed, but not at the time of the alleged wrongful conduct;[5] (2) Defendant

---

[3] It appears Defendants have abandoned any exhaustion argument as to Grievance 06e.

[4] In Grievance 03f, McBride listed the following individuals: Warden Millicent Warren, MDOC Director Daniel Heyns, Regional Prison Administrator Bruce Curtis, Deputy Warden Osterhout, Chaplin Mardini, DeAngel D. Johnson, G. Griffy, T. Beard, T. Snipes, Luna, Health Unit Manager Jackson.

[5] Although the R&R does not address McBride's failure to identify Defendants Finco and Treacher, Plaintiffs explain that at the time of the alleged wrongful conduct, Bruce Curtis (who was named in the grievance) had the same responsibilities at MDOC that Finco and Treacher have now. While Defendants argue that claims against Finco and Treacher should be dismissed, they do not address Plaintiff's explanation. Accordingly, this fact appears undisputed. As explained in the R&R, the fact that a "personnel change occurred between the alleged wrongful

Stoddard was not identified in McBride's grievance because Stoddard is being sued by Plaintiff Wittman exclusively for conduct that occurred at DRF; and, similarly, (3) Defendant Woods was not identified in McBride's grievance because Woods is being sued by Plaintiff Williams for wrongful conduct that occurred at URF. (R&R at 11). Notably, under the prison's own rules, McBride was not permitted to identify individuals unless they were "involved in the issue being grieved." With respect to Grievance 03f, Magistrate Judge correctly noted:

> Defendants' contrary view is untenable because it would require a plaintiff, in order to exhaust her own claim to: correctly predict the identity of each future co-plaintiff and/or putative class member; (2) identify which MDOC officials were involved in each of the relevant Step I grievances filed by each such person; and then (3) name those MDOC officials in each of her own relevant Step I grievances (although many of these officials would have no connection to the issues being grieved). Defendants cite no law requiring prisoner plaintiffs to possess such prescient powers.

(R&R at n. 5). Defendants' objection does not identify how the Magistrate Judge erred in reaching the conclusion above. Thus, Defendants have not shown that McBride failed to properly exhaust Grievance 03f.

Instead, Defendants focus on the Magistrate Judge's application of *Reed-Bey*, which served as the Report's second basis for rejecting Defendants' exhaustion argument. The Court shall only consider this argument as it relates to Grievance 06c since Grievance 03f was properly exhausted. Defendants argue that the "Report's application of *Reed-Bey* means that a grievant need only name one individual at Step I and, if a merits-based decision is issued at all three steps of the process as to that individual, the grievance is exhausted as to anyone subsequently named in a lawsuit." (Def.s' Objs. at 4). Again, in asserting this argument, Defendants wholly disregard

---

conduct and the filing of the complaint cannot be used to preclude McBride from bringing her related claims." (R&R at 10) (citations omitted).

the fact that the subsequently named defendants in this suit were not **personally involved** in the issues grieved.

Defendants also claim that *Reed-Bey* is inapplicable, where, as here, a prisoner identifies an individual in her grievance, just not all the same individuals named in her complaint. Defendants point out that the prisoner in *Reed-Bey* failed to identify any individuals, unlike Plaintiffs here. To the extent that Defendants suggest that this distinction is outcome determinative, they are mistaken. Defendants argument here is without merit for two reasons. First, Defendants have narrowly construed *Reed-Bey's* holding, making it applicable only to facts identical to those present before the Sixth Circuit. However, such a reading misconstrues *Reed-Bey*. *Reed-Bey* stands for the proposition that an otherwise procedurally defective grievance is properly exhausted if it received merits-based responses throughout the grievance process. *Reed-Bey*, 603 F.3d at 325 (A "State's decision to review a claim on the merits gives [the court] a warrant to do so as well, even when a procedural default might otherwise have resolved the claim."). Nowhere did the Sixth Circuit indicate an intent for courts to narrowly apply its holding to the specific facts presented before it. In fact, *Reed-Bey's* holding has been applied to situations where, as here, a prisoner received a merits-based decision on a grievance that is later alleged to be procedurally deficient. Defendants' argument fails for another reason: it mistakenly presumes that Grievance 06c actually identified an individual by name. As Defendants have consistently pointed out, McBride's Grievance 06c only identifies MDOC. Thus, Defendants are correct in that this grievance is procedurally deficient. However, this falls squarely within the realm of narrow facts that Defendants have argued *Reed-Bey* would apply. Despite McBride's failure to name individuals, as is required by P.D. 03.02.130, prison officials accepted the

grievance and responded to its merits. Defendants cannot expect the Court to enforce procedural rules when their own prison officials failed to enforce such rules. Dismissing the case now on procedural grounds would improperly give the MDOC's merit-based rejection of the grievance "undeserved insulation from federal judicial review." *Id.* at 326.

### Wittman

Wittman filed two grievances while incarcerated at DRF: Grievance 66-12i and Grievance 90-12i. Defendants advance the same arguments against Wittman as they did against McBride. Specifically, Defendants argue that Wittman failed to exhaust these grievances because: (1) Grievance 66-12i only identifies "Head RN," in violation of P.D. 03.02.130; and (2) of the named defendants, only Defendant Heyns is identified in Grievance 90-12i.

With respect to Grievance 66-12i, the Magistrate Judge properly concluded that it "is ripe for judicial review under *Reed-Bey* since MDOC officials addressed the grievance on its merits." (R&R at 13). Defendants' arguments to the contrary are not persuasive for the same reasons discussed above.

With respect to Grievance 90-12i, the Magistrate Judge acknowledged that certain named defendants were not identified in that grievance. However, like McBride, Wittman's failure to identify certain defendants can be explained. Magistrate Judge Grand correctly noted that:

> Grievance 90-12i satisfied the requirements of P.D. 03.02.130 ¶ R because Wittman appropriately submitted this grievance 'against Warden Willie Smith, MDOC Director Heyns, Regional Prison Administrator Bruce Curtis, ADA Coordinate Koenigsknecht, all unknown Deputy Wardens, and all unknown Shift Supervisors.' As with McBride, at the time of the alleged wrongful conduct, Willie Smith (named in the grievance) was the warden at DRF. However, at the time this action was filed, Stoddard was the warden at that facility. The fact that this personnel change occurred in the interim cannot be used to preclude Wittman

> from bringing his related claims.[6]
>
> Similarly, with respect to Stewart and Woods, Stewart is being used by McBride exclusively for wrongful conduct that exclusively occurred at URF. Since Stewart and Woods both had no connection to the issues that Wittman grieved at DRF, he obviously had no reason to mention them in Grievance 90-12i and, thus, did not violate P.D. 03.02.130 ¶ R.

(R&R at 13) (citations omitted). Defendants have not pointed to any deficiency in the Magistrate Judge's reasoning as to this point. Instead, Defendants urge the Court to construe *Reed-Bey* narrowly. However, even assuming Defendants' construction of *Reed-Bey* was proper, it has no bearing on the findings above. This is because Defendants' *Reed-Bey* argument necessarily presumes that P.D. 03.02.130 ¶ R was violated. But, here, it was not. The rule at issue only requires prisoners to name individuals **involved** in the issue grieved. Again, as the Magistrate Judge properly explained, the unidentified defendants were not involved in the issues grieved. It belies common sense to require more of prisoners than the prison's own procedural rules require. *See Troche v. Crabtree*, No. 15-3258, 2016 WL 736312, *5 (6th Cir. Feb. 25, 2016) ("In the end, it cannot be said that an inmate did not exhaust his administrative remedies because he failed to do something not specified, outlined, or required by his prison's grievance procedure.").

### Williams

Williams filed one grievance while incarcerated at URF: Grievance 28e. It related to an ongoing issue with the facility's text/telephone system. (R&R at 14). In their summary judgment motion, Defendants initially argued that Williams had failed to properly exhaust his grievance

---

[6] While the R&R does not discuss Finco and Treacher, the Court finds that they assumed the role of Bruce Curtis *after* Plaintiff had filed his grievance. As mentioned in a previous note, Defendants have not disputed Plaintiff's assertion as to this fact. Thus, Wittman could not be expected to identify either Finco or Treacher in his grievance.

because it was untimely filed, in violation of P.D. 03.02.130 ¶ P. (Def.s' Br. at 12-13). After reviewing the grievance, Magistrate Judge Grand properly determined that, when "affording all reasonable inferences to Williams, his grievance could be construed as relating to the denial of a request he made on October 23, 2013. Such an interpretation would make his grievance, filed on October 20, 2013, timely under P.D. 03.02.130 ¶ P." (R&R at 14). Magistrate Judge Grand found a second reason for rejecting Defendants' argument: it "essentially seeks to impose a permanent waiver of claims of an ongoing or repetitive nature that are not raised when the very first instance of alleged wrongdoing occurs." (R&R at 15). The R&R points out that Defendants advanced no support or law for such a theory, and concluded that Defendants failed to establish improper exhaustion.

Defendants appear to have abandoned the arguments advanced before the Magistrate Judge as to this issue. Now, Defendants argue that Williams did not properly exhaust because he failed to identify the defendants in his grievance. (Def.s' Objs. at 6). Defendants maintain that *Reed-Bey* does not apply here since the grievance never received a merits-based response. *Id.* This claim, however, is not a proper objection because Defendants failed to raise it in their initial motion. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).

For these reasons, Defendants' first objection is overruled.

**Objection #2 - Eleventh Amendment Immunity Argument**

Both parties agree that the test expounded in *United States v. Georgia*, 546 U.S. 151 (2006), applies when determining whether Title II of the ADA validly abrogates sovereign immunity.[7]

In stating their second objection, Defendants argue that "there is no basis to conclude that the Eleventh Amendment was abrogated with respect to the ADA Title II claims." (Def.s' Objs. at 10). Specifically, Defendants contend that Magistrate Judge Grand misapplied the second prong of the *Georgia* standard when he concluded that actual violations of the equal protection clause and due process clause were pleaded. (Def.s' Objs. at 7).

**Equal Protection**

In their initial motion, Defendants relied principally on *Popovich v. Cuyahoga Cnty. Court of Common Pleas*, 276 F.3d 808, 811 (6th Cir. 2002), for the proposition that individuals that are not part of a suspect class must identify a due process violation (rather than an equal protection violation) in order to abrogate sovereign immunity. (Def.s' Br. at 18). In response, Magistrate Judge Grand correctly explained why Defendants were mistaken as to this point:

> The problem with defendants' reliance on *Popovich* is that the Sixth Circuit subsequently clarified in *Mingus* that, as long as a plaintiff seeks only the level of review to which he would otherwise be entitled (*i.e.*, "rational basis" review in a

---

[7] "To ascertain whether Title II of the ADA validly abrogates state sovereignty in any given Fourteenth Amendment case, the Supreme Court requires the following assessment be made... '(1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.'" (R&R at 16) (*citing Georgia*, 546 U.S. at 159).

> disability case) – and not a heightened level fo review (*i.e.*, "strict scrutiny") – Eleventh Amendment immunity as to his ADA claim would be abrogated because doing so would not "create a higher standard of liability" for the defendant.
>
> . . . .
>
> Analogizing to the Title II ADA claim asserted in Mingus, plaintiffs in this action allege that 'Defendants failure to provide effective communication for individuals with hearing disabilities denied and continues to deny, on the basis of their disability, Plaintiffs the same access to Defendants' services, benefits, activities, programs, or privileges as the access provided to hearing individuals.' **Importantly, this does not equate to an assertion that plaintiffs are entitled to 'strict scrutiny' review** of this alleged unequal treatment. **In fact, plaintiffs emphasize that they 'do not claim to be members of suspect class**.'

(R&R at 18, 20) (emphasis added) (internal citations omitted).

Defendants now disagree with the determination that Plaintiffs have established a violation of equal protection under rational basis scrutiny, contending that the Magistrate Judge's only explanation for concluding that rational basis is not implicated is Plaintiffs' statement that they "do not claim to be members of a suspect class." (Def.s' Objs. at 8) (internal citations omitted). Defendants caution that under Magistrate Judge Grand's theory, "all claims of unequal treatment would defeat Eleventh Amendment immunity so long as plaintiffs asserted that they were not seeking strict scrutiny review." *Id.*

Defendants' argument is without merit for various reasons. First, Defendants entirely ignore the Magistrate Judge's application of *Mingus*, thereby misconstruing the R&R's mention of strict scrutiny as it relates to Plaintiffs' allegations. Second, Plaintiffs' allegations, coupled with the statement relied upon by Magistrate Judge Grand, logically lead to the conclusion that strict scrutiny review is not being sought. Third, there is no problem with Magistrate Judge Grand's "theory," despite Defendants' assertion to the contrary. Eleventh Amendment immunity would not be defeated by all claims of unequal treatment, **if** defendants simply provided a reason

13

(i.e. rational basis) to justify such treatment.  Here, Defendants have not provided any rational basis, whatsoever, for the disparate treatment alleged by Plaintiffs.  And finally, even Defendants' initial brief conceded that, "with respect to Title II claims, the gist of Plaintiffs' Complaint is that they are denied effective and comparable access to services as compared to non-disabled inmates. **Such an assertion is a quintessential equal protection type claim** that does not overcome the 11th Amendment immunity enjoyed by the State of Michigan."  (Def.s' Br. at 18-19) (emphasis added).

### Due Process

In their initial brief, Defendants argued that Plaintiffs had failed to plead a Fourteenth Amendment due process violation.  Defendants noted that there was no constitutionally protected due process right to effective prison grievance procedures, rehabilitation, education, or jobs. (Def.s' Objs. at 18-19) (internal citations omitted).  The Magistrate Judge correctly rejected Defendants argument:

> This argument lacks merit because plaintiffs' allegations implicate due process
> concerns not with respect to prison grievance procedures or obtaining education or
> a job while in prison, but rather with respect to the inability to meaningfully
> defend themselves at disciplinary and parole proceedings, impeding their freedom
> to communicate with relatives, and infringing upon their free exercise of religion
> by failing to provide sign interpreters at religious services. **MDOC's failure to
> address the plaintiffs' real claims alone merits denial of the relief it requests**.

(R&R at 21) (emphasis added).  Magistrate Judge Grand proceeded to address Plaintiffs' claims despite Defendants' failure to do so.  He concluded, and Defendants do not refute, "that the complaint properly pleads an actual violation of due process" with respect to Defendants' failure to provide interpreters at disciplinary and parole hearings.  (Def.s' Objs. at 11).

14

Moreover, Magistrate Judge Grand concluded that Defendants had not "shown [how] plaintiffs' assertion[s], that the alleged ADA violations impede their freedom to communicate with relatives and infringe upon their free exercise of religion by failing to provide sign interpreters at religious services, fail to implicate due process concerns." (R&R at 23). On objection, Defendants maintain that the Magistrate Judge's conclusion is improperly premised on *Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891 (6th Cir. 2001), which stands for the proposition that "'almost all § 1983 claims rely on the substantive component of the Due Process Clause because it is through that vehicle that fundamental rights are incorporated against the states.'" (R&R at 23). In stating their objection, Defendants claim that "Judge Grand does not explain how an analysis of Section 1983 claims is relevant to an ADA Eleventh Amendment analysis; nor does there appear to be any jurisprudence supporting its relevance to the instant matter." (Def.s' Objs. at 9). This argument is without merit. Notably, Magistrate Judge Grand was correct: Defendants have yet to provide any explanation as to why these allegations do not implicate due process. This, on its own, merits denial of the relief Defendants seek. Rather than substantiate their claims with applicable law, Defendants improperly focus on the Magistrate's citation to *Brandenburg*. Defendants appear to have taken the Magistrate's reference to *Brandenburg* out of context. As Plaintiffs correctly note, the "Magistrate Judge cited *Brandenburg* for the basic principle that the factual allegations underpinning both Plaintiffs' ADA claim and Plaintiffs' First Amendment Free Exercise and Free Speech claims (Counts IV and V), which Plaintiffs have brought under Section 1983, implicate due process..." (Pl.s' Resp. at 17).

Defendants also claim that "*Brandenburg* provides clear support for the conclusion that

Plaintiffs claims are not even properly contained within the ADA count as there are more specific provisions of the constitution that are implicated as evidenced by Plaintiffs' separate free speech and freedom of religion claims." (Def.s' Objs. at 10). Defendants fail to substantiate this argument with any analysis. While it is true that, in *Brandenburg,* the court stated that "a cause of action cannot be based in substantive due process where a more specific constitutional provision is applicable," Defendants disregard the fact that Plaintiffs (unlike the *Brandenburg* plaintiff) have not brought a substantive due process claim. Due process is being discussed solely for purposes of immunity. Thus, Defendants' undeveloped assertion lacks merit.

For the reasons above, Defendants' second objection is overruled.

**Objection #3 - RLUIPA Argument**

In their third objection, Defendants argue that "Judge Grand improperly concludes that Plaintiffs stated a claim with respect to RLUIPA based primarily on his belief that the 'factual record in this case is entirely undeveloped' and that Defendants did not identify a 'compelling governmental interest that would justify their failure to provide an interpreter or sufficiently demonstrate that such an interest was served in the 'least restrictive way'" (Def.s' Objs. at 13) (citing R&R at 24). Defendants maintain that the R&R "misses the mark, as... the complaint itself failed to plead facts that could illustrate a substantial burden on religion." (Def.'s Objs. at 13).

Defendants' objection fails for two main reasons. First, it appears that Defendants are seeking to apply the wrong standard to their summary judgment motion. Because matters outside the pleadings were presented to, and considered by, the Court, Defendants' motion must be

treated as one for summary judgment. FED. R. CIV. P. 12(d). Defendants wholly disregard this fact. Defendants have not advanced any argument as to why the Court should apply a Rule 12(b)(6) standard to a summary judgment motion.

Even assuming, *arguendo*, that Defendants were seeking the appropriate standard, the argument still fails. Defendants essentially advance the same argument initially presented to the Magistrate Judge: "a failure to provide interpreters at religious services does not pressure an inmate to violate his religious beliefs or abandon one of the precepts of his religions; thus, it does not constitute a substantial burden within the meaning of RLUIPA." (Def.s' Objs. at 14; Def.s' Br. at 22) (citing *Living Water Church of God v. Charter Tp of Meridian*, 258 Fed. App'x 729, 735 (6th Cir. 2007)). But, in making this argument, Defendants ignore Magistrate Judge Grand's reliance on *Haight v. Thompson*, 763 F.3d 554 (6 th Cir. 2014). As the Magistrate Judge explained:

> In [*Haight*], the Sixth Circuit Court of Appeals held that a "substantial burden" is imposed when prison officials either: (1) "place[] substantial pressure on an adherent to modify his behavior and to violate his beliefs;" or (2) "**effectively bar his sincere faith-based conduct**."
>
> . . . .
>
> Since Haight is the Sixth Circuit's most recent and salient elucidation of the "substantial burden" test, the Court adheres to its holding.

(R&R at 24) (emphasis added) (internal citations omitted). Defendants have not asserted that Magistrate Judge Grand improperly relied on *Haight*. Importantly, Defendants do not dispute that a failure to provide interpreters "effectively bars Plaintiffs' sincere faith-based conduct," which, according to *Haight*, constitutes a substantial burden within the meaning of RLUIPA.

17

For these reasons, and the reasons stated in the R&R, Defendants' third objection is overruled.

**Objection #4 - Free Exercise Clause Argument**

In their final objection, Defendants argue that Magistrate Judge Grand failed "to consider that Defendants are asserting that the complaint on its face does not state a claim with respect to the Free Exercise Clause." (Def.s' Objs. at 14). Again, Defendants are attempting to apply the wrong standard at the summary judgement stage: Defendants ask the Court to a Rule 12(b)(6) standard to their summary judgment motion. Defendants have not addressed the effect Rule 12(d) has on their motion. Nor have Defendants apprised the Court of a single case or rule that would support the imposition of a 12(b)(6) standard on a summary judgment motion.

Moreover, Defendants' argument fails even if addressed on its merits. In arguing that Plaintiffs failed to state a cognizable free exercise of religion claim, Defendants state that the complaint fails to assert coercion on the part of MDOC or that Plaintiffs have been penalized for their religious beliefs. However, Defendants appear to be applying the wrong standard here. As Magistrate Judge Grand pointed out, the applicable standard for analyzing Plaintiffs' challenges to restrictions on free exercise of religion can be found in *Turner v. Safley*, 482 U.S. 78 (1987): "[t]here, the Supreme Court held that 'when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'" (R&R at 26) (quoting *Turner*, 482 U.S. at 89). Like their brief in front of the Magistrate Judge, Defendants' objection "lacks any meaningful analysis of the factors specified in *Turner*." (R&R at 27). Defendants do not assert that Magistrate Judge Grand erroneously

cited *Turner*. Instead, Defendants' objection appears to advance the same arguments previously advanced before the Magistrate Judge.

For these reasons, Defendants' fourth objection is overruled.

## ORDER

For the reasons set forth above **IT IS ORDERED** that the Court **ACCEPTS AND ADOPTS** the October 30, 2015 R&R. Accordingly, the Court shall **DENY** Defendants' Motion to for Partial Summary Judgment.

**IT IS SO ORDERED.**

                                            S/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: March 24, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2016, by electronic and/or ordinary mail.

                                            S/Jennifer McCoy
                                            Case Manager