UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mary Ann McBride, et al.,

      Plaintiffs,

v.                                                        Case No. 15-11222

Michigan Department of                   Honorable Sean F. Cox
Corrections, *et. al.*,                        Magistrate Judge David R. Grand

      Defendants.
_____/

### ORDER ADOPTING
### MAGISTRATE JUDGE'S ORDER DENYING REQUEST FOR ORDER BY
### "INTERESTED PARTY" (Doc. #53)

Plaintiffs, and Michigan state prisoners, Mary Ann McBride, Brian Stanley Wittman, and Ralph Williams (collectively "Plaintiffs"), filed this civil rights class action against multiple defendants, claiming that they have been discriminated against for being deaf or significantly hearing impaired. This Court has since referred all pretrial matters to Magistrate Judge David R. Grand pursuant to 28 U.S.C. 636(b)(1)(A) and (b)(1)(B). (Doc. #17).

On August 1, 2016, Edward Donald Burley filed a "Notice of Interested Party." (Doc. #53). In it, Burley advised that he is "an incarcerated person currently under the jurisdiction of the  MDOC [the Michigan Department of Corrections], a hearing disabled prisoner without proper accommodations for [his] disability." (*Id*. at 1). Burley further advised that he "currently [has] pending before this very [C]ourt litigation entitled Burley v. MDOC, et al[.], Case No. 2:16-cv-10712, Hon. Judge Steeh presiding over the action." (*Id*.).

Burley's Notice sought two things. First, he requested that the Court "officially take notice that [he] is an interested party in this civil litigation against the MDOC." (*Id*. at 2).

1

Second, he sought an order from the Court "directing the clerk to furnish [him] the entire court file, service of any and all further pleadings, motions, judgments, or other forms of legal filings within this Court relating to the McBride case." (*Id*. at 2). Burley sought this information because the "evidence [already] discovered in this case may assist the Court in its judicial economy and prompt resolution of the issues" before the Court in Burley's case. (*Id*. at 1-2). No response to Burley's Notice was filed.

On August 22, 2016, Magistrate Judge Grand entered an "Order Denying Request for Order by 'Interested Party.'" (Doc. #54, MJ Order). Burley timely objected to the Magistrate Judge's Order on September 6, 2016. (Doc. #55, Burley's Objs.). The parties in this case have not responded to Burley's objection and the time to do so has passed.

To the extent that any of Burley's objections actually constitute proper objections, the Court finds them to be without merit. The Court therefore **ADOPTS** Magistrate Judge Grand's "Order Denying Request for Order by 'Interested Party.'" (Doc. #54).

### STANDARD OF REVIEW

The Order at issue here addresses non-dispositive, pretrial matters and is therefore governed by Federal Rule of Civil Procedure 72(a). Pursuant to Rule 72(a), an objecting party must file objections to the Magistrate Judge's written order within fourteen (14) days after being served with a copy of the order. FED. R. CIV. P. 72(a). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. MICH. LR 72.1(d).

Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34

(D.P.R. 2004).  Moreover, the district court should not consider arguments that have not first been presented to the Magistrate Judge.  *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"A Magistrate Judge's resolution of a non-dispositive pretrial matter should be modified or set aside on review by the district court only if it is clearly erroneous or contrary to law." *Colvin v. Martin*, 2011 WL 318835, at *1 (W.D. Mich. Jan. 28, 2011) (citing Fed. R. Civ. P. 72(a)).

## ANALYSIS

First, Burley argues that Magistrate Judge Grand "only adjudicated ruling on the relief, and not the actual request for the court to take judicial notice that Edward Donald Burley is an interested party."  (Burley's Objs. at Pg ID 980).  Burley misapprehends the Magistrate Judge's Order.  Magistrate Judge Grand did not "ignore" Burley's request to be deemed an "interested party."  The Order acknowledges the relief requested and essentially declines to take judicial notice of it.  Burley's first objection has therefore failed to point to any specific deficiency in the Magistrate Judge's reasoning as to this point.  Additionally, the Court finds that Magistrate Judge Grand's resolution of this issue was neither clearly erroneous nor contrary to law. Burley's first objection is overruled.

Second, Burley takes issue with Magistrate Judge Grand's use of the word "says." (Burley's Objs. at Pg ID 981).  Specifically, when summarizing the facts outlined in Burley's Notice, the Magistrate Judge's Order notes that: "Burley says that he 'currently [has] pending before this very [C]ourt litigation entitled Burley v. MDOC ...'"  (MJ Order at 2).  According to Burley, Magistrate Judge Grand's use of the word "says" "call[s] into question the validity of

3

interested party Burley's contentions." (Burley's Objs. at Pg ID 981). Again, Burley

misapprehends the Magistrate Judge's Order. Magistrate Judge Grand does not question that

Burley is involved in pending litigation. In fact, the Order specifically acknowledges the civil

litigation and cites it as a reason why Burley's request for certain information was denied:

> Since Burley already has a pending civil action against the MDOC before Judge
> Steeh that raises similar claims as those raised in this case, to the extent that he
> wishes to, and is entitled to obtain discovery, he may do so in that case.

(MJ Order at 2). As such, Burley's second objection is without merit and is therefore overruled.

Third, Burley "objects to Magistrate not having the parties file a response to the 'Notice

of Interested Party.'" (Burley's Objs. at Pg ID 981). Burley specifically claims that Magistrate

Judge Grand "foreclosed offering [the parties] opportunity to 'file responsive pleadings'

concerning the Notice." (*Id*.). This is simply not true. The Magistrate Judge's Order merely

represents that no response had been filed. The parties chose not to file a response to the Notice

on their own accord. Burley's argument here is without any merit. Accordingly, the third

objection is overruled.

Finally, Burley "objects to the [M]agistrate's gesture of foreclosing the proceedings to an

interested party under the law." (Burley's Objs. at 981). Burley argues that the Magistrate

Judge's decision to deny his requested relief "essentially forecloses [Burley's] right to

effectively, meaningfully, and adequately access this very court." (*Id*.). Burley's argument here

pertains to access to discovery from the *McBride* case that is relevant to Burley's case. (*Id*.). In

making this argument, Burley wholly disregards the directive contained in Magistrate Judge

Grand's Order. The Magistrate Judge offered Burley two alternative avenues in which such

discovery may be obtained. First, the Order advises that Burley may attempt to seek such

discovery in the civil litigation before Judge Steeh.  Second, the Order advises that Burley can

attempt to seek such discovery directly from class counsel.  As such, Burley's final objection is

without merit and is therefore overruled.

**CONCLUSION & ORDER**

For the reasons outlined above, Burley's objections are overruled.  As such, the

Magistrate Judge's Order Denying Request For Order By "Interested Party" (Doc. #54) is

**ADOPTED**.

**IT IS SO ORDERED.**

Dated:  October 24, 2016                    S/ Sean F. Cox
                                           Sean F. Cox
                                           U. S. District Judge


I hereby certify that on October 24, 2016, the foregoing document was served on counsel of
record via electronic means and upon Edward Burley via First Class mail at the address below:

Edward Burley
502426
SAGINAW CORRECTIONAL FACILITY
9625 PIERCE ROAD
FREELAND, MI 48623

                                           S/ J. McCoy
                                           Case Manager