UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mary Ann McBride et al.,

    Plaintiffs,

v.                                Case No. 15-11222

Michigan Department of
Corrections, et al.,              Sean F. Cox
                                      United States District Court Judge

    Defendants.
_____/

## OPINION AND ORDER ADOPTING 2/8/18 REPORT AND RECOMMENDATION

In this class action, named Plaintiffs Mary McBride and Ralph Williams represent a class of deaf or hard of hearing individuals in the custody of the Michigan Department of Corrections who require hearing-related accommodations for various reasons. They have filed suit against the MDOC and various agency administrators and prison wardens, asserting violations of the American Disabilities Act, 42 U.S.C. § 12101, *et seq.*; the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*; The Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.*; and the Free Exercise and Free Speech Clauses of the First and Fourteenth Amendment. They seek only declaratory and injunctive relief to remedy these alleged violations.

The Court referred this matter to Magistrate Judge David R. Grand for a report and recommendation under 28 U.S.C. § 636(b)(1)(B) (Doc. # 37), after which the parties filed cross-motions for summary judgment (Doc. # 74, 76).

On February 8, 2018, Magistrate Judge Grand issued a Report and Recommendation (R&R) (Doc. # 96) wherein he recommends that the Court grant in part and deny in part

1

Plaintiffs' Motion for Summary Judgment and deny Defendants' Motion for Summary Judgment. Defendants timely objected to the R&R on February 22, 2018 (Doc. # 97). Plaintiffs have not objected to the R&R and the time for them to do so has passed.

For the reasons below, the Court finds Defendants' objections to be without merit. Thus, the Court shall overrule the objections and adopt the R&R.

## STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen days after being served with a copy of the R&R. The objecting party must do more than merely restate the arguments set forth in its summary judgment motion. *Senneff v. Colvin*, 2017 WL 710651 at * 2 (E.D. Mich 2017). "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

Defendants raise three objections to the R&R: (1) that questions of fact exist as to whether prisoners housed within the MDOC have been denied meaningful access to telecommunications devices; (2) the Magistrate Judge improperly applied an optimal accommodation standard instead of a reasonable accommodation standard when assessing their purported denial of interpreter services for essential programs; and (3) the Magistrate Judge improperly recommended that a formal training be required in a Consent Judgment. The Court shall address each in turn.

**Objection 1: Meaningful Access to Telecommunications Devices**

Defendants' first objection pertains to Plaintiffs' ADA and Rehabilitation Act claims that the "MDOC has failed to take the necessary steps to ensure that deaf and hard of hearing prisoners' communications are as effective *as* those of hearing prisoners, and to provide appropriate auxiliary aids to permit communication and participation on an equal basis." Doc. # 76 at 23. On this claim, Magistrate Judge Grand concluded that the MDOC's existing practices fail to provide Plaintiffs "with telecommunications access equal to that provided to hearing prisoners." R&R at 20. Thus, he determined that Plaintiffs are entitled to summary judgment on this aspect of their ADA and Rehabilitation Acts claims.

Defendants object that there is at least a question of fact as to whether Plaintiffs' rights have been violated. Their reasoning is two-fold; they contend that Magistrate Judge Grand erred by failing to accord them the deference due to a correctional facility's safety judgments, *see Bell v. Wolfish*, 441 U.S. 520, 546, and that he impermissibly required them to provide optimal, rather than reasonable, accommodations. The Court finds neither of these arguments, both of which were raised and considered by the Magistrate Judge, persuasive.

First, Magistrate Jude Grand did give Defendants the required deference. He expressly recognized the "substantial deference" due to Defendants, *see Brown v. Johnson*, 743 F.2d 408, 410 (6th Cir. 1984), and considered and addressed their safety and control concerns. Defendants cannot create a question of fact merely by referring to possible safety concerns. And the Court agrees with Magistrate Judge Grand's analysis and conclusion that the safety concerns articulated by Defendants do not preclude summary judgment. Indeed, even in their objections Defendants have still failed to explain why the safety policies applied to telephone conversations

"would not be as effective at addressing risks associated with video transmissions." R&R at 19.

Second, the Magistrate Judge's report did not shift the standard as Defendants claim. To "reasonably accommodate" individuals with disabilities, public entities like the MDOC must "take appropriate steps to ensure that communications with applicants, participants, and members of the public, and companions with disabilities *are as effective* as communications with others." 28 C.F.R. § 35.160(a)(1) (emphasis added). After carefully examining the record, Magistrate Judge Grand found that the MDOC's existing system–providing prisoners with access to teletypewriters–fails to provide *reasonable* accommodations. He did not, as Defendants assert, require optimal accommodations to be provided. Indeed, one of Defendants' own witnesses likened the MDOC's existing system to "sending someone a fax to their homes versus an email to communicate." R&R at 13 n. 5. Again, the Court agrees with the Magistrate Judge's analysis and conclusion that "Plaintiffs have shown that, *in reality*, [teletypewriters] do not enable them to communicate effectively with persons outside of prison, much less provide them with telecommunications access equal to that of hearing prisoners. Thus, the Court shall overrule Defendants' first objection.

**Objection 2: Denial of Interpreter Services for Essential Programs**

The second objection relates to "whether the MDOC provides deaf and hard of hearing inmates with access to sign language interpreters that enables them to communicate and participate in programs and activities inside the prison to the same extent as hearing prisoners." R&R at 21. Magistrate Judge Grand concluded that Plaintiffs are entitled to summary judgment on this aspect of their ADA and Rehabilitation Act claims as well, finding that absent appropriate injunctive relief, the MDOC's deaf and hard of hearing inmates face a real risk of

not timely receiving necessary accommodations. R&R at 25.

Defendants' objection to this portion of the R&R is brief; they again argue that the Magistrate Judge erred by applying an optimal accommodation standard. This is not so. The MDOC is required to "furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities . . . an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." 28 C.F.R. § 35.160(b)(1). And although the Magistrate Judge did not find that there has been a systemic denial of interpreting services, he did find that the evidence shows both that Defendants have continued to fail to furnish appropriate auxiliary aids by way of an interpreter and that there is a tangible risk that this failure will continue to occur. This finding supported Magistrate Judge Grand's ultimate conclusion: that Defendants' accommodations were not reasonable. The Court agrees with the Magistrate Judge's analysis on this issue, which did not employ an optimal accommodation standard. Thus, the Court shall overrule Defendants' second objection.

**Objection 3: Recommendation to Include a Reasonable Training Provision**

Finally, while denying Plaintiffs' summary judgment on their claim relating to the MDOC's training practices, Magistrate Judge Grand stated that it would nevertheless "be an appropriate exercise of the Court's remedial powers and discretion to include in any Consent Order a provision requiring MDOC correctional officers and staff to receive some form of reasonable training on how to identify and appropriately interact with deaf and hard of hearing prisoners." R&R at 32-33. Defendants cursorily object to this recommendation, stating only that it is improper.

Having reviewed the R&R, the Court agrees with Magistrate Judge Grand that including

5

a training provision in any consent order would be an appropriate discretionary exercise of the Court's remedial powers. Indeed, the R&R details the MDOC's history of failing to adequately respond to the needs of deaf and hard of hearing prisoners and its continuing failure to address the issues that Plaintiffs have raised. *See e.g.,* R&R at 26 ("[D]espite the prior problems, and the pendency of this litigation, the MDOC has not taken any steps to monitor or verify whether its facilities are complying with the McKee Memo's directives."). And because the Court shall grant Plaintiffs' Motion for Summary Judgment in part, the MDOC will likely be faced with implementing new policies or procedures to ensure ADA compliance. Under the circumstances, the Court agrees with the Magistrate Judge that a reasonable training requirement is appropriate. Thus, the Court shall overrule Defendants' third objection.

**CONCLUSION**

For the reasons above, the Court OVERRULES Defendants' objections and ADOPTS the Magistrate Judge's February 8, 2018 Report and Recommendation. IT IS ORDERED that Plaintiffs' Motion for Summary Judgment (Doc. # 76) shall be GRANTED IN PART AND DENIED IN PART and that Defendant's Motion for Summary Judgment (Doc. # 74) shall be DENIED. Specifically, the Court GRANTS Plaintiff's Motion for Summary Judgment as to Counts I and II of the complaint and denies their motion as to the remaining counts.

IT IS FURTHER ORDERED THAT:

1) The MDOC shall:

    a) Make videophones available to all deaf and hard of hearing prisoners;

    b) Provide necessary auxiliary aids for all deaf and hard of hearing prisoners to participate equally in prison programs and services, including consistent access to

ASL interpreters for all "high-stakes" interactions and programs, *see* R&R at 21, including religious services;

c) Institute mandatory training for MDOC's correctional officers and staff on how to identify and appropriately interact with deaf and hard of hearing prisoners;

d) Adopt effective and comprehensive policies and procedures in each of the above areas, including for appropriate compliance monitoring;

2) The parties shall meet and confer in an attempt to resolve any aspects of Plaintiffs' claims not disposed of by this order, and to agree on an appropriate consent order implementing the relief specified in Paragraph 1 above, and any other relief necessary to bring this action to a close.

3) Within 60 days of this order, the parties shall either file a proposed consent order for the Court's review and approval or file a joint status report regarding any outstanding issues preventing the parties from agreeing on a consent order.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 9, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 9, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager