UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANN MCBRIDE, et al.,

       Plaintiffs,                          Civil Action No. 15-11222
                                                          Honorable Sean F. Cox
v.                                                         Magistrate Judge David R. Grand

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY BRANDON RESCH'S MOTIONS TO ENFORCE COMPLIANCE WITH SETTLEMENT AGREEMENT (ECF Nos. 124, 144)**

**Background**

In this class action, the plaintiffs are "all Deaf and/or Hard of Hearing individuals in the custody of the [Michigan Department of Corrections ("MDOC")] (whether now or in the future), who require hearing related accommodations, including but not limited to interpreters, hearing devices, or other auxiliary aids or services, to communicate effectively and/or to access or participate in programs, services, or activities available to individuals in the custody of the MDOC." On March 9, 2018, the Court issued an Opinion and Order granting in part the Plaintiffs' motion for summary judgment, and ruling that the MDOC (and certain of its officers) (collectively, the "Defendants") had violated the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12131 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* (ECF No. 99). The Court ordered the MDOC to provide certain specified relief, including:

    a) Make videophones available to all deaf and hard of hearing prisoners;

    b) Provide necessary auxiliary aids for all deaf and hard of hearing prisoners to participate equally in prison programs and services, including

1

> consistent access to ASL interpreters for all "high-stakes" interactions and programs, see R&R at 21, including religious services;
>
> c) Institute mandatory training for MDOC's correctional officers and staff on how to identify and appropriately interact with deaf and hard of hearing prisoners;
>
> d) Adopt effective and comprehensive policies and procedures in each of the above areas, including for appropriate compliance monitoring;

(*Id.*, PageID.4096-97).

The Court also ordered the parties to "meet and confer in an attempt to resolve any aspects of Plaintiffs' claims not disposed of by this order, and to agree on an appropriate consent order implementing the relief specified in Paragraph 1 above, and any other relief necessary to bring this action to a close." (*Id.*, PageID.4097). When the parties were unable to agree on the terms of a consent order, the Plaintiffs unilaterally moved the Court to order the parties to attend a settlement conference. (ECF No. 102). The undersigned held a settlement conference in this matter on June 4, 2018, which ultimately resulted in the parties filing a Joint Motion for Final Approval of Class Action Settlement, along with their Proposed Settlement Agreement (the "Settlement Agreement") on March 4, 2019. (ECF No. 118, 118-2). In executing the Settlement Agreement, the MDOC agreed to, among other things:

> (1) "ensure that Deaf and/or Hard of Hearing Prisoners have full and equal access to the same programs, activities, services and accommodations available to non-Deaf and/or Hard of Hearing Prisoners";
>
> (2) ensure that MDOC officials are able to "Effectively Communicate with Deaf and/or Hard of Hearing Prisoners at initial intake, assessment, and classification," providing new MDOC inmates "an initial hearing assessment consistent with medical standards" during initial intake and within seven days of their entry into the MDOC;
>
> (3) provide "medical Personnel . . . to determine if Auxiliary Aids and Services are medically necessary" for any inmate determined to be Deaf and/or Hard of Hearing, and then "facilitate[ing] ordering those aids and services;"

2

> (4) house Deaf and/or Hard of Hearing Prisoners at "Designated Facilities," unless safety or security issues, medical or programming needs, and unanticipated emergencies required a different housing location; and
>
> (5) provide "Auxiliary Aids and Services required by [the] [Settlement] Agreement which are deemed medically necessary by qualified medical Personnel . . ."

(ECF No. 118-2, PageID.4348-54).

The Settlement Agreement also provided that a "Settlement Monitor" whose expertise lies in monitoring correctional facilities' compliance with the ADA – Michael K. Brady of Sabot Consulting – would be involved in ensuring that the MDOC had complied with its obligations under the Settlement Agreement. It provided that "Deaf and/or Hard of Hearing Prisoners shall be provided with contact information for the Settlement Monitor, and shall be granted private access to [him]." (*Id.*, PageID.4368). It further provided that "the Settlement Monitor will issue semi-annual reports to the Court and the Parties detailing the Defendants' compliance with and implementation of this Agreement." (*Id.*). The parties agreed that "the Court will retain jurisdiction over this action [] during the period of the Settlement Monitor's term of appointment, and shall have the power to enforce all terms of this Agreement." (*Id.*, PageID.4370).

The Honorable Sean F. Cox held a fairness hearing on the parties' Joint Motion for Final Approval of Class Action Settlement, and, on March 29, 2019, entered an Order granting it. (ECF No. 120). The Order specified that, pursuant to the Settlement Agreement's terms, the Court would "retain[] jurisdiction over this action to enforce the terms of the [Settlement] Agreement as needed." (*Id.*, PageID.4465). Presently before the Court are two motions filed by *pro se* inmate Brandon Resch that ask the Court do just that. (ECF Nos. 124, 144).[1]

---

[1] Pursuant to 28 U.S.C. 636(b)(1)(B), these motions have been referred to the undersigned for a report and recommendation. (ECF No. 147).

**Resch's Motions to Enforce the Settlement Agreement**

Resch contends that he is "a hard of hearing prisoner, as defined in [] [the] Settlement Agreement." (ECF No. 124, PageID.4476).[2] He further contends that his hearing impairment "has gone nearly ignored," and that his impairment "causes daily issues with both staff and prisoner and telephonic issues . . ." (*Id.*). Resch contends that he needs "auxiliary aids and services." (*Id.*). He claims that he has formally requested accommodation by completing the "MDOC Offender ADA Reasonable Accommodation Request/Appeal" form, by appealing the denial of his requests, and by contacting the Settlement Monitor. (*Id.*, PageID.4477). Resch did not contend that he raised his concerns with class counsel. In fact, technically, the only specific relief Resch requested in this motion was that the Court appoint counsel "to assist in enforcing [*the* MDOC's] compliance with the Settlement Agreement . . ." (*Id.*).

The MDOC filed a response on September 26, 2019. (ECF No. 131). The MDOC denied Resch's contention that he is a "Plaintiff" in this case, because that term is defined in the Settlement Agreement as "deaf and hard of hearing [MDOC inmates] who require any Auxiliary Aids and Services to communicate effectively and/or to access or participate in programs, services, or activities available to individuals in the custody of the MDOC," and Resch's own evidence indicated that he did not have a hearing "deficit." The MDOC made a slew of additional factual assertions about Resch's hearing capabilities, and concluded that they show he requires no auxiliary aids or services. However, the MDOC provided no evidentiary support for any of its assertions. The MDOC also represented that notwithstanding its position, it had scheduled Resch "for additional testing with an audiologist."

---

[2] The sole piece of evidence supplied by Resch in support of his first motion was a single form entitled, "Special Accommodation Orders," which indicates that Resch was "N-hearing impaired w/o deficit." (*Id.*, PageID.4479).

4

Resch filed a reply insisting that he has a hearing impairment that qualifies him as a "Plaintiff" under the Settlement Agreement's definitions. (ECF No. 134). He also denied some of the MDOC's factual contentions. However, he did not deny that he had been scheduled for additional testing, as the MDOC alleged, but merely complained that "it has taken extensive petitioning" to obtain that relief. (*Id.*, PageID.4559).[3] At the end of his reply brief, Resch makes numerous requests that were not contained in his initial motion, including that the Court order the MDOC to (1) provide Resch with a "comprehensive hearing assessment conducted through a professionally accredited audiologist," (2) mandate that Resch remain housed at one of the "designated facilities" listed in the Settlement Agreement, (3) compensate Resch financially, both for emotional harm he allegedly has suffered and as a fine for the MDOC's alleged non-compliance with the Settlement Agreement, and (4) allow Resch to correspond with another particular inmate through the MDOC's "Expedited Legal Mail process." (*Id.*, PageID.4559-60).

On December 2, 2019, Resch filed a "Second Motion to Enforce Defendants' Compliance with Stipulated Settlement Agreement." (ECF No. 144). In this motion, Resch recounts his efforts to be evaluated for a hearing deficit, and admits that on October 17, 2019, he "was provided a comprehensive hearing evaluation through MDOC sole audiologist and diagnosed as having a hearing impairment that requires hearing aids in both of his ears." (*Id.*, PageID.4620). Resch also contends that the MDOC's "deliberate indifference . . . has directly contributed to [his] being issued four (4) separate class II & III institutional misconducts between August 31, 2018, through August 14, 2019," at least one of which caused his custody level to increase, thereby allegedly

---

[3] In his second motion, discussed below, Resch contends that on October 17, 2019, he "was provided a comprehensive hearing evaluation through the MDOC's sole audiologist and diagnosed as having a hearing impairment that requires hearing aids in both of his ears." (ECF No. 144, PageID.4620).

5

impacting his parole eligibility. (*Id.*, PageID.4621). Among other relief, Resch asks in his second motion for the appointment of counsel, a declaration that his Eighth Amendment rights and Fourteenth Amendment Due Process rights have been violated, the expungement of his misconduct tickets, and a substantial award of compensatory and punitive damages. (*Id.*, PageID.4622-23).

**Discussion**

The Court should deny Resch's motions. First, as to his initial motion, the only evidence Resch supplied to the Court was the summary Special Accommodation Orders page, which indicates that his impairment is "w/o [without] deficit." Second, Resch admitted in his reply brief to that motion that he was scheduled for additional testing, and in his second motion, he confirmed that the testing has since taken place. Third, the sole specific request Resch made in his initial motion (and his similar request in his second motion) is moot; Plaintiffs' class counsel is still involved in this litigation and Resch has not explained why he cannot enlist their assistance. (*See* ECF No. 118-2, PageID.4368) (Paragraph XVI(C) of Settlement Agreement, stating, "To the extent Plaintiffs' Counsel maintains a current or prospective attorney-client relationship with any Deaf or Hard of Hearing Prisoner, they shall be provided the same access to that [] Prisoner and to the records relating to that [] Prisoner, as any other attorney with a similar relationship to another [prisoner].").[4] Finally, on today's date, the Court entered a Stipulated Order regarding a "process

---

[4] The appointment of counsel would not be appropriate here, in any event. Pursuant to 28 U.S.C. §1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1) (emphasis added). The Sixth Circuit has held that "there is no right to counsel in prisoner civil rights cases." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). Here, the issues are not complicated, class counsel exists to assist Resch, and Resch has shown he possesses the ability to adequately explain the factual and legal issues to the

for post-judgment complaints initiated by class members against Defendants as it pertains to the implementation of the terms and conditions of the Settlement Agreement." (ECF No. 150). Paragraph 2 of the Stipulated Order provides, in relevant part:

> a. The [complaining] class member shall submit [his or her] complaint to the Settlement Monitor assigned in this matter, through a process that is clearly identified to all class members and ensures that the complaints are promptly received by the Settlement Monitor. In particular, complaints should be submitted to the Settlement Monitor, Mike Brady from Sabot Consulting using the below contact information:
>
>   Mike Brady
>   Sabot Consulting
>   101 Parkshore Drive, Suite 100
>   Folsom, California 95630
>   Phone: (888) 447-2268
>   Email: Mike.Brady@sabotconsult.com

(*Id.*).

The Stipulated Order goes on to describe a "mediation process" by which the Settlement Monitor can gather pertinent information from both the complaining class member and the MDOC, engage in confidential communications with the complaining class member, and make a recommendation to the parties for a resolution. (*Id.*). As reflected in the Settlement Monitor's detailed and comprehensive December 2, 2019 Amended First Six Month Report to the Court, he has been actively involved in reviewing the MDOC's compliance with the Settlement Agreement, and is in an excellent position – both in terms of his professional experience and in terms of his being "on the ground" and accessible to MDOC inmates – to expedite resolution of any class member complaints. The Stipulated Order also provides a process by which a dissatisfied party can appeal the Settlement Monitor's recommendation to the Court. (ECF No. 150).

---

Court. Moreover, as discussed below, the Settlement Monitor is now able to help facilitate the resolution of disputes through a stipulated "mediation process."

For all of the reasons stated above, the Court finds that the most efficient and effective means of addressing the issues Resch raised in his motions is for him to first pursue them through the mediation process with the Settlement Monitor pursuant to the procedures outlined in the Stipulated Order.[5]

**Conclusion**

For all of the above reasons, the Court **RECOMMENDS** that Resch's Motions to Enforce Compliance with Settlement Agreement **(ECF Nos. 124, 144)** be **DENIED**.

Dated: February 20, 2020  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and

---

[5] The Court notes that the Stipulated Order provides that the mediation process is solely to resolve "the implementation of the terms and conditions of the Settlement Agreement," and that "[a]ny requests for fees and/or money damages by the [complaining] class member must be made through an independent cause of action." At any rate, Resch's request for financial compensation in his reply brief in support of his initial motion is procedurally improper. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Moreover, nothing in the Settlement Agreement provides for a complaining class member to receive monetary compensation, and Resch admits that since filing his initial motion, he has been seen by an MDOC audiologist.

Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 20, 2020.

          s/Eddrey O. Butts
          EDDREY O. BUTTS
          Case Manager