UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANN MCBRIDE, et al.,

                Plaintiffs,              Civil Action No. 15-11222
                                              Honorable Sean F. Cox
v.                                     Magistrate Judge David R. Grand

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION TO DENY EDWARD BURLEY'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 133)

### Background

In this class action, the plaintiffs are "all Deaf and/or Hard of Hearing individuals in the custody of the [Michigan Department of Corrections ("MDOC")] (whether now or in the future), who require hearing related accommodations, including but not limited to interpreters, hearing devices, or other auxiliary aids or services, to communicate effectively and/or to access or participate in programs, services, or activities available to individuals in the custody of the MDOC." On March 9, 2018, the Court issued an Opinion and Order granting in part the Plaintiffs' motion for summary judgment, and ruling that the MDOC (and certain of its officers) (collectively, the "Defendants") had violated the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12131 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* (ECF No. 99.) The Court ordered the MDOC to provide certain specified relief, including:

    a)  Make videophones available to all deaf and hard of hearing prisoners;

    b)  Provide necessary auxiliary aids for all deaf and hard of hearing prisoners to participate equally in prison programs and services, including

consistent access to ASL interpreters for all "high-stakes" interactions and programs, see R&R at 21, including religious services;

c)   Institute mandatory training for MDOC's correctional officers and staff on how to identify and appropriately interact with deaf and hard of hearing prisoners;

d)   Adopt effective and comprehensive policies and procedures in each of the above areas, including for appropriate compliance monitoring;

(*Id.*, PageID.4096-97.)

The Court also ordered the parties to "meet and confer in an attempt to resolve any aspects of Plaintiffs' claims not disposed of by this order, and to agree on an appropriate consent order implementing the relief specified in Paragraph 1 above, and any other relief necessary to bring this action to a close." (*Id.*, PageID.4097). On September 28, 2018, the parties filed a Proposed Settlement Agreement and a Joint Motion for the Court to approve that Agreement. (ECF Nos. 111.) As the parties explained in their motion, "The Agreement fairly, reasonably, and adequately affords relief to all Class members. Plaintiffs brought this action to ensure that deaf and hard of hearing prisoners received the auxiliary aids and services they need for effective communication and to enjoy equal rights as hearing prisoners while they are incarcerated within MDOC facilities. The relief afforded by the Agreement achieves that goal." (*Id.*, PageID.4185.) The parties then highlighted a few of the Proposed Settlement Agreement's "key provisions," including:

A. *Hearing Assessments*

The Agreement requires the MDOC to provide hearing assessments to all prisoners with a perceived or reported hearing deficit when they first enter MDOC custody, and to provide assessments when requested by prisoners during annual physical exams if there are perceived or reported changes in hearing. . . .

B. *Housing*

The Agreement requires the MDOC to house deaf and hard of hearing prisoners at facilities specially designated to accommodate their needs

except when necessary to address safety or security issues, medical or programming needs, or unanticipated emergencies.

*C. Auxiliary Aids and Services*

The Agreement specifies that the MDOC will provide auxiliary aids and services necessary to allow deaf and hard of hearing prisoners to access MDOC services, programs, and activities. . . .

*D. Communication Technology*

The MDOC also will provide deaf and hard of hearing prisoners access to technology that will allow them to effectively communicate with those outside of prison. . . .

*E. Other Provisions to Ensure Effective Communication*

The Agreement also contains various other provisions to ensure effective communication with deaf and hard of hearing prisoners. This includes a requirement that adequate non-auditory systems of notification are in place at MDOC facilities to ensure that deaf and hard of hearing prisoners do not miss announcements, alarms, or other information audibly conveyed from personnel to the general prisoner population.

*F. Enhanced Compliance Infrastructure and Training*

The Agreement specifies that the MDOC will develop and implement new and updated policies and procedures regarding the accommodations that it will be providing to deaf and hard of hearing prisoners, and these policies and procedures will be audited annually. . . .

*G. Monitoring and Enforcement*

The Agreement provides for the appointment of Michael K. Brady, the Director of Sabot Consulting's Criminal Justice Division, to monitor the MDOC's compliance with the terms of the Agreement. . . .

(*Id.*, PageID.-41865-89.)

The Proposed Settlement Agreement also provided:

## XVII. RELEASE AND SETTLEMENT OF CLAIMS

### A.  Release

3

> Plaintiffs hereby release and discharge Defendants, including their successors and assigns, of and from any claims or causes of action arising out of the matter described in the Plaintiffs' Complaint filed with the U.S. District Court for the Eastern District of Michigan (the "Court") in Case No. 2:15-cv-11222, through the period of the Settlement Monitor's appointment.

(ECF No. 111-2, PageID.4226.)

Judge Cox held a hearing on the Joint Motion on January 10, 2019, and on January 15, 2019, issued an "Order Granting the Parties' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. #111) and Setting Date for Fairness Hearing."  (ECF No. 116.)  Judge Cox indicated that Notice was to be directed to class members in accordance with the parties' Proposed Notice Plan.  (*Id.*)  A fairness hearing was scheduled for March 21, 2019.  (*Id.*)

On January 29, 2019, class member Edward Burley ("Burley") filed objections to the Proposed Settlement Agreement.  (ECF No. 117.)  Burley's main objection was with respect to the Release provision quoted above (though his objection actually referenced a similar provision contained in the Class Notice):

> I specifically object to the numerated paragraph 15.  Sole Remedy for Class Members, pg. 5.  I object on the grounds that I had and remain to have discrimination related issues presented to the Court. . . . I still have a constitutional right to enforce my rights under Federal Statutes.  Should this Court find that I am precluded under the aforestated provision, I wish to immediately withdraw my class membership and waive any rights that the settlement agreement offers.  I don't agree to have class-counsel waive my Federal Rights to seek relief under existing or future litigation. . . .

(ECF No. 117.)

When the parties filed their Joint Motion for Final Approval, they provided a copy of Burley's objection (ECF No. 118-3, PageID.4378) and specifically addressed Burley's argument (raised by a few others, also), explaining that class members:

> . . . are not entitled to opt out as the Class was certified under Rule 23(b)(2), which does not permit opt outs.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) ("The Rule provides no opportunity for (b)(1) or (b)(2)

class members to opt out."). Moreover, the only reason the objectors provide for wanting to opt out of the settlement is to retain their right to pursue individual claims. But the Agreement does not bar individual claims that do not arise out of Plaintiffs' complaint, and the Agreement establishes a monitor and continuing jurisdiction of this Court as needed to address any residual concerns that do arise out of Plaintiffs' complaint.

(ECF No. 118, PageID.4330.)

Judge Cox held the fairness hearing on March 28, 2019, and the following day entered an Order Granting the Parties' Joint Motion for Final Approval of Class Action Settlement. (ECF No. 120.) In the Order, Judge Cox specifically acknowledged having reviewed the objections. (*Id.*)

On October 7, 2019, Burley filed a motion for relief from judgment. (ECF No. 133.) In that motion, Burley argues, "This Court has not adjudicated ruling on my objections to date." (*Id.*) He also challenged the adequacy of the remedy, asserting he and other deaf and hearing impaired MDOC inmates were prejudiced in three ways: "1) not being able to equally participate in several Federally funded programs, to wit, the PREA confidential reporting, Crimestoppers, etc.), 2) have [sic] major misconducts (Class I Misconducts relating to hearings held where they've been denied an interpreter), in their files regarding major misconducts which the hearing impaired prisoner was not given an interpreter, and 3) material prejudice manifest where the deaf and hard of hearing prisoner's liberty interest will be substantially affected." (*Id.*, PageID.4543-44.) Burley explained that he raised these issues with plaintiffs' lead counsel "at the outset of this litigation," but that counsel "overlooked" the "remedy" he proposed, "and, as such, a Court remedy is necessary . . ." (*Id.*, PageId.4544.) Accordingly, Burley asks the Court to "re-open the case and permit the parties to fashion equitable remedies consistent with other similarly situation [sic] lawsuits regarding remedies." On January 9, 2020, Burley's motion for relief from judgment was referred to the

undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 147.)

### Standard of Review

Federal Rule of Civil Procedure 60(b) provides, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, Burley moves under Rule 60(b)(6).  The Sixth Circuit has explained that relief under Rule 60(b)(6) should be granted "only in exceptional and extraordinary circumstances, which are defined as those unusual and extreme situations where principles of equity mandate relief." *Export–Import Bank of U.S. v. Advanced Polymer Sciences*, Inc., 604 F.3d 242, 247 (6th Cir. 2010) (quotations omitted).  *See also Price v. United States*, No. CR 15-20472, 2020 WL 230275, at *1 (E.D. Mich. Jan. 15, 2020).  In addition, "something more than one of the grounds in subsections (1) through (5)" must be shown to justify relief under Rule 60(b)(6).  *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011).

6

## Analysis

Burley's instant motion should be denied because the issues he raises are not "exceptional or extraordinary." *Export–Import Bank*, 604 F.3d at 247.  Burley first argues that the Court did not rule on his objections to the Proposed Settlement Agreement.  But, as explained above, Burley's objections were before Judge Cox (both directly from Burley and as an exhibit to the Proposed Settlement Agreement), and Judge Cox explicitly recognized having reviewed the objections in his Order Granting the Parties' Joint Motion for Final Approval of Class Action Settlement.  (ECF No. 120.)  Thus, Burley's first argument lacks merit.

Burley's request that the Court "re-open" the case also lacks merit.  The Final Settlement Agreement already encompasses the "equal participation" issues raised by Burley, albeit in a broader fashion, without specifying each and every type of program where deaf and hard of hearing inmates may need an accommodation.  In Paragraph III(A), entitled, "Non-discrimination Based on Disability," the Final Settlement Agreement provides, "The MDOC shall ensure that Deaf and/or Hard of Hearing Prisoners have full and equal access to the same programs, activities, services and accommodations available to non-Deaf and/or Hard of Hearing Prisoners."  (ECF No. 118-2, PageID.4348.)  In light of this provision, there is no need to specify particular programs to which deaf and hard of hearing inmates must be given equal access.

Other provisions also offer protections for these types of issues.  First, the Final Settlement Agreement requires the MDOC to "provide Qualified Interpreters for any significant communications that are not specifically discussed in this Agreement and that would otherwise be communicated to a prisoner that is not Deaf or Hard of Hearing."  (*Id.*, PageID.4359.)  The provision goes on to define "significant communications" as including ones for which "(i) the risks of miscommunication or misunderstanding are significant; and (ii) the consequences of miscommunication/misunderstanding would have significant negative repercussions for the Deaf

and/or Hard of Hearing Prisoner." (*Id.*)  Second, the Agreement requires the MDOC to "assign a staff member at each MDOC Facility with the title, duties, and responsibilities of Worksite Offender ADA Coordinator," and provides that this person shall "be trained on the implementation of the requirements of federal and state law regarding the contents of this Agreement and the MDOC's obligations to provide full and equal access to its programs, activities, services, and accommodations to Deaf and Hard of Hearing Prisoners." (*Id.*, PageID.4348-49.)  Third, the Agreement contains numerous provisions regarding monitoring and compliance. (*Id.*, PageID.4366-69.)  This not only includes appointment of a settlement monitor, but also a requirement that "Deaf and/or Hard of Hearing Prisoners shall be provided with contact information for the Settlement Monitor, and shall be granted private access to the Settlement Monitor." (*Id.*, PageID.4368.)

Finally, in their Joint Motion for Final Approval of Class Action Settlement, the parties specifically recognized that the Settlement Agreement "does not bar individual claims that do not arise out of Plaintiffs' complaint . . ." (ECF No. 118, PageID.4330.)  Thus, Burley retained whatever rights and claims he may have had that did not arise out of the Plaintiffs' complaint.

In sum, Judge Cox approved the Settlement Agreement over Burley's objections, and Burley has at most shown a disagreement about the level of specificity with which the Settlement Agreement was drafted.  Burley has not shown the "exceptional and extraordinary circumstances" required to warrant relief under Fed. R. Civ. P. 60(b)(6).  Accordingly, his motion for relief from judgment should be denied.

## Conclusion

For all of the foregoing reasons, Burley's motion for relief from judgment **(ECF No. 133)** should be **DENIED**.

Dated: May 26, 2020                          s/David R. Grand
Ann Arbor, Michigan                          DAVID R. GRAND
                                             United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 26, 2020.

                                             s/Eddrey O. Butts
                                             EDDREY O. BUTTS
                                             Case Manager