UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANN MCBRIDE, et al.,

       Plaintiffs,                         Civil Action No. 15-11222
                                                     Honorable Sean F. Cox
v.                                                       Magistrate Judge David R. Grand

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY EDWARD BURLEY'S
MOTION TO ENFORCE COMPLIANCE WITH THE SETTLEMENT
AGREEMENT (ECF No. 135) AND MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF No. 137)**

**Background**

In this class action, the plaintiffs are "all Deaf and/or Hard of Hearing individuals in the custody of the [Michigan Department of Corrections ("MDOC")] (whether now or in the future), who require hearing related accommodations, including but not limited to interpreters, hearing devices, or other auxiliary aids or services, to communicate effectively and/or to access or participate in programs, services, or activities available to individuals in the custody of the MDOC." On March 9, 2018, the Court issued an Opinion and Order granting in part the Plaintiffs' motion for summary judgment, and ruling that the MDOC (and certain of its officers) (collectively, the "Defendants") had violated the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12131 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* (ECF No. 99). The Court ordered the MDOC to provide certain specified relief, including:

        a) Make videophones available to all deaf and hard of hearing prisoners;

1

    b) Provide necessary auxiliary aids for all deaf and hard of hearing prisoners to participate equally in prison programs and services, including consistent access to ASL interpreters for all "high-stakes" interactions and programs, see R&R at 21, including religious services;

    c) Institute mandatory training for MDOC's correctional officers and staff on how to identify and appropriately interact with deaf and hard of hearing prisoners;

    d) Adopt effective and comprehensive policies and procedures in each of the above areas, including for appropriate compliance monitoring;

(*Id.*, PageID.4096-97.)

The Court also ordered the parties to "meet and confer in an attempt to resolve any aspects of Plaintiffs' claims not disposed of by this order, and to agree on an appropriate consent order implementing the relief specified in Paragraph 1 above, and any other relief necessary to bring this action to a close." (*Id.*, PageID.4097.) When the parties were unable to agree on the terms of a consent order, the Plaintiffs unilaterally moved the Court to order the parties to attend a settlement conference. (ECF No. 102.) The undersigned held a settlement conference in this matter on June 4, 2018, which ultimately resulted in the parties filing a Joint Motion for Final Approval of Class Action Settlement, along with their Proposed Settlement Agreement (the "Settlement Agreement") on March 4, 2019. (ECF No. 118, 118-2.) In executing the Settlement Agreement, the MDOC agreed to, among other things:

    (1) "ensure that Deaf and/or Hard of Hearing Prisoners have full and equal access to the same programs, activities, services and accommodations available to non-Deaf and/or Hard of Hearing Prisoners;"

    (2) ensure that MDOC officials are able to "Effectively Communicate with Deaf and/or Hard of Hearing Prisoners at initial intake, assessment, and classification," providing new MDOC inmates "an initial hearing assessment consistent with medical standards" during initial intake and within seven days of their entry into the MDOC;

    (3) provide "medical Personnel . . . to determine if Auxiliary Aids and Services are medically necessary" for any inmate determined to be Deaf

2

and/or Hard of Hearing, and then "facilitate[ing] ordering those aids and services;"

(4) house Deaf and/or Hard of Hearing Prisoners at "Designated Facilities," unless safety or security issues, medical or programming needs, and unanticipated emergencies required a different housing location; and

(5) provide "Auxiliary Aids and Services required by [the] [Settlement] Agreement which are deemed medically necessary by qualified medical Personnel . . ."

(ECF No. 118-2, PageID.4348-54.)

The Settlement Agreement also provided that an experienced "Settlement Monitor" – Michael K. Brady – would be involved in ensuring that the MDOC had complied with its obligations under the Settlement Agreement. It provided that "Deaf and/or Hard of Hearing Prisoners shall be provided with contact information for the Settlement Monitor, and shall be granted private access to [him]." (*Id.*, PageID.4368.) It further provided that "the Settlement Monitor will issue semi-annual reports to the Court and the Parties detailing the Defendants' compliance with and implementation of this Agreement." (*Id.*) The parties agreed that "the Court will retain jurisdiction over this action [] during the period of the Settlement Monitor's term of appointment, and shall have the power to enforce all terms of this Agreement." (*Id.*, PageID.4370.)

The Honorable Sean F. Cox held a fairness hearing on the joint motion, and, on March 29, 2019, entered an Order granting the motion. (ECF No. 120.) The Order specified that, pursuant to the Settlement Agreement's terms, the Court would "retain[] jurisdiction over this action to enforce the terms of the [Settlement] Agreement as needed." (*Id.*, PageID.4465.) Presently before the Court are two motions filed by *pro se* inmate and class member Edward Burley: (1) motion to

3

enforce the Settlement Agreement; and (2) motion for temporary restraining order and preliminary injunction.  (ECF Nos. 135, 137.)[1]

**Motion to Enforce the Settlement Agreement**

Burley contends that he is a "Class Member and Interested Party [] [who] suffers from severe hearing loss in both ears."  (ECF No. 135, PageID.4577.)  He claims that staff at the Oaks Correctional Facility where he was housed committed multiple violations of the Settlement Agreement, including, not providing a proper videophone and denying "access to VRI or [a] live interpreter for orientation, investigative process, Notice of Intent, Medical consults, classification, Optometry consults, and other high stakes interactions . . . ."  (*Id.*, PageID.4578.)

Shortly before Burley filed his motion to enforce settlement agreement, a different MDOC hearing impaired inmate, B.R., filed a similar motion complaining about alleged violations of the Settlement Agreement by MDOC staff.  On February 20, 2020, the undersigned issued a Report and Recommendation to deny B.R.'s motion, explaining:

> . . . on today's date, the Court entered a Stipulated Order regarding a "process for post-judgment complaints initiated by class members against Defendants as it pertains to the implementation of the terms and conditions of the Settlement Agreement."  (ECF No. 150).  Paragraph 2 of the Stipulated Order provides, in relevant part:
>
> a. The [complaining] class member shall submit [his or her] complaint to the Settlement Monitor assigned in this matter, through a process that is clearly identified to all class members and ensures that the complaints are promptly received by the Settlement Monitor.  In particular, complaints should be submitted to the Settlement Monitor, Mike Brady from Sabot Consulting using the below contact information:
>
> Mike Brady
> Sabot Consulting
> 101 Parkshore Drive, Suite 100
> Folsom, California 95630

---

[1] Pursuant to 28 U.S.C. 636(b)(1)(B), these motions were referred to the undersigned for a Report and Recommendation.  (ECF No. 147.)

>               Phone: (888) 447-2268
>               Email: Mike.Brady@sabotconsult.com
>
> (*Id.*).
>
> The Stipulated Order goes on to describe a "mediation process" by which the Settlement Monitor can gather pertinent information from both the complaining class member and the MDOC, engage in confidential communications with the complaining class member, and make a recommendation to the parties for a resolution. (*Id.*). As reflected in the Settlement Monitor's detailed and comprehensive December 2, 2019 Amended First Six Month Report to the Court, he has been actively involved in reviewing the MDOC's compliance with the Settlement Agreement, and is in an excellent position – both in terms of his professional experience and in terms of his being "on the ground" and accessible to MDOC inmates – to expedite resolution of any class member complaints. The Stipulated Order also provides a process by which a dissatisfied party can appeal the Settlement Monitor's recommendation to the Court. (ECF No. 150.)
>
> For all of the reasons stated above, the Court finds that the most efficient and effective means of addressing the issues [B.R.] raised in his motions is for him to first pursue them through the mediation process with the Settlement Monitor pursuant to the procedures outlined in the Stipulated Order.

(ECF No. 151, PageID.4723-25.)

Judge Cox adopted the Report and Recommendation over B.R.'s objection, concluding, "the most efficient and effective means of addressing the issues that [the inmate] raised in his motions is for him to first pursue them through the mediation process with the Settlement Monitor pursuant to the procedures outlined in the February 20, 2020 Stipulated Order." (ECF No. 154, PageID.4751.)

For all of the same reasons, the Court finds that Burley should be required to first pursue his allegations about Settlement Agreement violations through the mediation process described in the February 20, 2020 Stipulated Order. The Court notes that other than Burley's and B.R.'s complaints, the docket does not reflect any other inmates alleging non-compliance with the Settlement Agreement by MDOC or its staff. This suggests the Stipulated Order's mediation

5

process is the proper (and agreed-upon) first step for resolving alleged Settlement Agreement violations.  Finally, the Court notes that about a week ago in *Burley v. Abdellatif*, No. 16-12256, the Court held a telephonic settlement conference in which Mr. Burley participated.  Although Burley was aided by an "amplifier" provided by his facility,[2] he had no difficulty whatsoever fluidly engaging in dialogue during the lengthy telephonic conference.

Accordingly, Burley's motion to enforce the Settlement Agreement should be denied.

**Motion for Temporary Restraining Order and Preliminary Injunction**

On October 7, 2020, Burley filed a motion for relief from judgment, arguing that the Settlement Agreement was deficient in certain respects.  (ECF No. 133.)[3]  On October 22, 2020, Burley filed a motion for temporary restraining order and preliminary injunction.  (ECF No. 137.)  In that motion, Burley claims, "[a]s a direct result" of filing the motion for relief from judgment, he was retaliated against by prison officials.  (*Id.*, PageID.4592.)  Specifically, Burley contends that he "is being issued false misconduct reports, Notice of Intents, harassment, degradation, maltreatment, and other adverse actions for asserting my rights under the [Settlement] Agreement."  (*Id.*, PageID.4592.)  Burley filed a declaration in support of his motion, though it provides virtually no detail beyond the conclusory allegations in his motion, and makes no specific reference to his motion for relief from judgment having been a catalyst for the retaliation:

> 5. I've been written several false misconduct reports and Notice of Intents out of retaliation for filing grievances and reporting to the Settlement Monitor . . .
>
> 6. Correctional Staff here at Oaks [Correctional Facility] are extremely aggravated against me for asserting my rights to be reasonable [sic] accommodated here.  They've been threatening and making hostile

---

[2] This shows at least some level of accommodation by MDOC staff at Burley's facility.

[3] On today's date, the undersigned issued a Report and Recommendation to deny that motion. (ECF No. 156.)

6

>                           grimaces against me on a daily basis.  I fear for my safety even in this
>                           protection unit by staff and the administration.

(ECF No. 138, PageID.4600-01.)

      Because Burley has provided ample notice to Defendants as to his request for injunctive relief, the Court will treat his motion as one for preliminary injunction. *See Malam v. Adducci*, No. 20-10829, 2020 WL 2616242, at *2 (E.D. Mich. May 23, 2020).  Regardless, "Courts consider the same four factors in deciding whether to issue a temporary restraining order or a preliminary injunction under Federal Rule of Civil Procedure 65, although the balancing process is not identical due to the different procedural posture in which each judicial determination arises." *Fifth Third Bank v. Droskie*, No. 1:18-CV-565, 2018 WL 3458719, at *2 (W.D. Mich. June 4, 2018) (citing *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).  "Specifically, in evaluating a request for a preliminary injunction, a district court should consider: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without a preliminary injunction; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *Id.* (citing *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)).  The four considerations are factors to be balanced and not prerequisites that must be satisfied.  *McNeilly*, 684 F.3d at 615.  The party seeking the preliminary injunction bears the burden of justifying such relief.  *Id.*

      While issuance of injunctive relief is a matter within a trial court's discretion, *id.* at 614, a "preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Natural Res. Def. Council*, 505 U.S. 7, 22 (2008).  Although the Court must balance these factors, the movant's failure to establish a likelihood of success on the merits or irreparable harm is usually fatal.  *See CLT Logistics v. River West Brands*, 777 F.Supp.2d 1052, 1064 (E.D. Mich. 2011).  "It

follows that a district court need not address all the preliminary injunction factors where fewer are dispositive of the issue." *Id.* (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).  A preliminary injunction should be granted "only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.*

Overall, the above factors weigh in favor of denying Burley's motion for a preliminary injunction.  First, Burley has not shown a likelihood of success on the merits.  He has merely made a few vague allegations about "being issued false misconduct reports, Notice of Intents, harassment, degradation, maltreatment, and other adverse actions for asserting [his] rights under the [Settlement] Agreement." (ECF. No. 137, PageID.4592.)  Even the declaration Burley filed in support of his motion fails to provide the Court with any meaningful details or evidence about the allegedly false misconduct reports and other retaliatory actions.  Second, although Burley alleges some harms that may be considered "irreparable" given that they relate to his medical conditions, *Caspar v. Snyder*, 77 F. Supp. 3d 616, 640 (E.D. Mich. 2015), particularly considering his failure to show a likelihood of success on the merits, this factor is outweighed by the others.  The third and fourth factors favor denying Burley's motion.  While Burley's claims have some connection to this case in that he alleges retaliation based on his complaints about the Settlement Agreement, in reality, he presents independent claims that he would have even absent that Agreement; at bottom, Burley's claim exists because he alleges retaliation for exercising his First Amendment rights, not *because* he exercised those rights with respect to the Settlement Agreement in this case. Allowing Burley to pursue an independent constitutional claim in this already-existing action would enable him (and others who might follow suit in this or other similar cases) to improperly bypass the Prison Litigation Reform Act's exhaustion requirements, one purpose of which "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison

8

errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). Such an outcome would harm those accused of the alleged wrongdoing as well as the Court which would have less of a record on which to base its consideration. For the same reasons, issuing a preliminary injunction in this case would not serve the public interest.

For all of these reasons, the Court should deny Burley's motion for temporary restraining order and preliminary injunction.

### Conclusion

For all of the above reasons, the Court **RECOMMENDS** that Burley's motion to enforce compliance with settlement agreement **(ECF No. 135)** and his motion for temporary restraining order and preliminary injunction **(ECF No. 137)** be **DENIED**.

Dated: May 26, 2020  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 26, 2020.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager