UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARY ANN MCBRIDE, BRIAN STANLEY WITTMAN, & RALPH WILLIAMS, on behalf of themselves & all others similarly situated,

 Plaintiffs,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, DANIEL H. HEYNS, in his official capacity as Director of the Michigan Department of Corrections; THOMAS FINCO, in his official capacity as Deputy Director of the Correctional Facilities Administration; RANDALL TREACHER, in his official capacity as Chief Deputy Director of the Michigan Department of Corrections; ANTHONY STEWART, in his official capacity as Warden of the Women's Huron Valley Correctional Facility; JEFFREY WOODS, in his official capacity as Warden of the Chippewa Correctional Facility; & CATHLEEN STODDARD, in her official capacity as Warden of the Carson City Correctional Facility,

 Defendants,

v.

EDWARD BURLEY #502426 & BRANDON RESCH #304507,

 Interested Parties.

NO. 2:15-cv-11222

HON. SEAN F. COX

MAG. DAVID R. GRAND

**MDOC'S BRIEF IN SUPPORT OF ITS APPEAL OF THE SETTLEMENT MONITOR'S RECOMMENDATION REGARDING MR. BRANDON RESCH**

_____/

Abraham Singer (P23601)
Law Offices of Abraham Singer
30833 Northwestern Hwy. Ste. 120
Farmington Hills, MI 48334
(248) 626-8888

Scott A. Mertens (P60069)
Zachary A. Zurek (P80116)
Assistant Attorneys General
Attorneys for Defendants Finco,
Heyns, Michigan Dep't of

asinger@singerpllc.com

Andrew D. Lazerow
Brian Eugene Kempfer
Philip J. Levitz
Stephen Curtis Bartenstein
Covington & Burling LLP
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
alazerow@cov.com

Chris E. Davis (P52159)
Michigan Protection & Advocacy Ser.
4095 Legacy Parkway, Ste 500
Lansing, MI 48911
(517) 487-1755
cdavis@mpas.org

*Attorneys for Plaintiffs*

Edward Donald Burley #502426
*Interested Party in Pro Per*
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660

Brandon Marcus Resch #304507
*Interested Party in Pro Per*
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811-9746

Corrections, Stewart, Stoddard
Treacher and Woods
Michigan Dep't of Attorney General
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
mertenss@michigan.gov
zurekz1@michigan.gov

# MDOC'S BRIEF IN SUPPORT OF ITS APPEAL OF THE SETTLEMENT MONITOR'S RECOMMENDATION REGARDING MR. BRANDON RESCH

## PROCEDURAL HISTORY

On February 20, 2020, the parties, in an effort to streamline the post-judgment inmate complaint process, entered into a Stipulated

Order (ECF No. 150) that created a procedure for handling inmate complaints regarding the implementation of the terms of the McBride Settlement Agreement. (ECF No. 112.)

> In part, paragraph 1 of the Stipulated Order states that
>
> The process contained in this Stipulated Order is not meant in any way to be a waiver of any administrative processes contained in any Michigan Department of Corrections (MDOC) policy directives, the Federal Prison Litigation Reform Act (42 U.S.C. § 1997e), and/or the Michigan Prison Litigation Reform Act (MCLA 600.5501 et seq.).

Paragraph 2 makes it clear that the process enumerated in the Stipulated Order is "[f]or complaints by class members regarding the implementation of the terms and conditions of the Settlement Agreement in this matter only . . ."

## BACKGROUND

Since the entry of the Stipulated Order, Mr. Resch has submitted a number of complaints. These complaints have all been in writing. Some have been directly to the court.

As it pertains to the current appeal, on July 17, 2020, Mike Brady from Sabot Consulting sent an email to Robin Gilbert (the MDOC's Statewide ADA Coordinator) advising her that Mr. Resch had sent a letter complaining about seven specific issues. (*See* attached Ex. 1.) On

2

August 3, 2020, Ms. Gilbert sent a response to Mr. Brady with documentation supporting the MDOC's respective positions on each issue with supporting documentation. (*See* attached Ex. 2.) Subsequently, a confidential telephone call was scheduled between Mr. Resch and Rick Wells from Sabot Consulting.

On August 24, 2020, Mr. Wells sent an email (*see* attached ex. 3) to Ms. Gilbert indicating that "[a]lthough he did not mention it in his letter, when he and I spoke on the phone he mentioned 4 specific misconducts from URF in 2019." The four misconducts, according to what was reported to Mr. Wells by Mr. Resch were for the following:

1. Disobeying a Direct Order on April 22, 2019,
2. Violation of Posted Housing Unit Rules on May 2, 2019,
3. Violation of Posted Housing Unit Rules on July 8, 2019, and,
4. Out of Place on August 14, 2019.

In addition, he mentioned two grievances (URF-19-08-2358-27A and URF-19-10-2835-28E). Mr. Wells requested documentation regarding these misconducts and grievances. At this point in time, it was not entirely clear as to what Mr. Resch's concerns were regarding the above listed misconducts and grievances.

On September 3, 2020, Ms. Gilbert responded to Mr. Wells by email and provided the requested documents. (*See* attached Ex. 4.) She provided documentation regarding the April 22, 2019 misconduct (Disobeying a Direct Order) and two separate misconducts that took place on August 14, 2019. (*See* attached Ex. 5.) The two August 14, 2019 incidents were Out of Place and Fighting. The Fighting incident was not mentioned in Mr. Wells' request but nevertheless was provided. The two grievances were also provided. (*See* attached Ex. 6.) Ms. Gilbert indicated that the MDOC did not have documentation regarding the May 2, 2019 Violation of Posted Housing Unit Rules incident or the July 8, 2019 Violation of Posted Housing Unit Rules incident. This is because they were Class III misconducts. Pursuant to MDOC Policy Directive 03.03.105, Section CCC, Prisoner Discipline, "A copy of the Misconduct Report shall be kept only in the prisoner's Counselor file. The report shall be kept for at least 60 calendar days after the date of the hearing or waiver for control and monitoring purposes and to provide the basis for establishing a pattern of Class III misconducts if other action becomes necessary." Each misconduct was contested by Mr. Resch. However, Mr. Resch, of his own volition, opted not to exhaust all of his administrative remedies despite being fully aware of

these administrative remedies and never pursued any remedies allowed in the court system.

On September 5, 2020, the Settlement Monitor emailed a document that addressed the seven issues mentioned in exhibit 1. In addition, the document specifically articulated Mr. Resch's concerns regarding the above misconducts and grievances in newly labeled "Issue #8." This document discussed and made specific recommendations regarding all eight outstanding issues. The document is 22 pages long. For purposes of this appeal, attached as exhibit 3 is an abridged version of the 22-page response that only contains the Settlement Monitors discussion and recommendations as they pertain to the misconducts and grievances. (*See* attached Ex. 7.) In sum, the Settlement Monitor recommends that the misconducts be "re-issued/re-heard or dismissed/removed." The MDOC advised the Settlement Monitor that they would be appealing the recommendations.

On October 6, 2020, Defendants filed the instant appeal of the Settlement Monitor's recommendations. (ECF No. 175.) This appeal is to the Settlement Monitor's recommendations as they pertain to the above-mentioned grievances and misconducts only.

# ARGUMENT

## I. Introduction

Mr. Resch is a thirty-nine-year-old male who has been in and out of the MDOC for most of his adult life. His crimes are numerous and involve approximately 14 crimes of dishonesty. (*See* attached Ex. 8.) During his time with the MDOC, he has been found guilty of 41 misconducts. (*See* attached Ex. 9.) Between April and October of 2019 Mr. Resch filed six grievance appeals to Step III—*none of which were for the misconducts listed above.* In total, he has filed *sixty-four* appeals to Step III since 2014. He is well aware of the misconduct process and his rights and responsibilities therein. He has also filed several lawsuits while an inmate with the MDOC. In each of those lawsuits, as is required by the Prison Litigation Reform Act (PLRA), Mr. Resch alleged that he had exhausted his administrative remedies. Mr. Resch certified that those allegations were true under the penalties of perjury. Mr. Resch is well aware of the required administrative remedies that must be exhausted. Yet, as will be discussed below, he did not exhaust those administrative remedies in each of the above listed misconducts.

The Stipulated Order for addressing inmate complaints has been overwhelmingly effective. However, in this instance, the MDOC

believes that Mr. Resch is clearly manipulating the process and the good intentions of the Settlement Monitor.

II. **Mr. Resch was a full participant in the misconduct proceedings listed above and effective communication occurred during each proceeding.**

At the time of the misconducts discussed above, Mr. Resch carried a "N" designation. (These designations have since changed and all deaf and/or hard of hearing inmates carry an "H" designation.) The "N" designation meant that Mr. Resch was hearing impaired *without deficit.* Mr. Resch did not wear hearing aids at the time and he had made no affirmative requests for accommodations under the ADA to facilitate any difficulties he may have had hearing or communicating. He regularly spoke on the telephone and communicated freely with fellow inmates and staff. In fact, from April 1, 2019, Mr. Resch has logged 189 hours and 27 minutes of conventional telephone time. Mr. Resch participated in the above listed Misconduct Proceedings and opted not to exhaust his administrative remedies.

The Settlement Monitor seems to conclude that because effective communication was not documented in the above listed misconduct proceedings that effective communication must not have taken place.

7

That is simply not the case. A review of the misconducts and grievances clearly show that Mr. Resch participated in every proceeding. In the April 22, 2019 Class II Misconduct for Disobeying a Direct Order, Mr. Resch was present at the hearing and pled "not guilty." (*See* attached Ex. 5, *supra*.) He participated in the process and verbally articulated his defense. (*Id.*) In the August 14, 2019 Class I Misconduct for Fighting, the Hearing Officer clearly notes that "the prisoner is informed." (*Id.*) Mr. Resch was present, and the misconduct report was reviewed with him. (*Id.*) He refused the assistance of a Hearing Investigator. (*Id.*) He presented a 2-page statement and a hand drawn diagram in his defense. (*Id.*) Mr. Resch fully participated in the proceedings. Finally, in the August 14, 2019 Class II Misconduct for Out of Place, Mr. Resch was present and pled "not guilty." (*Id.*) Mr. Resch gives a defense and participates in the proceedings. (*Id.*)

Nothing in the Settlement Agreement requires the MDOC to document effective communication. Likewise, nothing in the Settlement Agreement states that if effective communication is not documented, the MDOC must re-issue/re-hear or dismiss/remove any misconducts. If Mr. Resch felt like effective communication did not take place in any proceeding, or that his due process rights were in any way

8

violated, his legal recourse was to exhaust his administrative remedies and then (in the case of a Class I Misconduct) file a lawsuit.

As discussed above, paragraph 1 of the Stipulated Order in part states that:

> The process contained in this Stipulated Order is not meant in any way to be a waiver of any administrative processes contained in any Michigan Department of Corrections (MDOC) policy directives, the Federal Prison Litigation Reform Act (42 U.S.C. § 1997e), and/or the Michigan Prison Litigation Reform Act (MCLA 600.5501 et seq.).

Paragraph 2 makes it clear that the process enumerated in the Stipulated Order is "[f]or complaints by class members regarding the implementation of the terms and conditions of the Settlement Agreement in this matter only . . ." What transpired in these misconducts has nothing to do with the implementation of the terms and conditions of the McBride Settlement Agreement. Mr. Resch had a duty to exhaust his administrative remedies as it pertained to these misconducts and chose not to.

### III. Mr. Resch chose not to exhaust his administrative remedies.

It is important to note that the Mr. Resch's misconducts occurred in April 2019 and August 2019. In the first instance, that is a year and a half ago. In the second instance, a year and two months ago.

Punishments were issued and have already been served. The applicable time frames to appeal through the administrative process and ultimately to a court (in the case of a Class I Misconduct) has expired.

Richard Russell is the MDOC's Hearings Administrator and Grievance Section Manager in the Office of Legal Affairs. As he states in his Declaration (see attached ex. 10.), Class I misconducts are major misconducts that are appealable to a court of law if the prisoner first exhausts his or her administrative remedies provided by the MDOC. The administrative remedy for Class I misconducts is to appeal to the Hearings Administrator in the Office of Legal Affairs. (*Id.*) The Hearings Administrator has the authority under statute and administrative rule to order a rehearing or to vacate the decision. (*Id.*) Class II and III misconducts are minor misconducts that are not appealable to court since the sanction of detention is not allowed under policy. Therefore, no liberty interest is involved. (*Id.*)

The 8/14/19 Fighting Class I misconduct was heard by a LARA Administrative Law Judge (ALJ) pursuant to policy. (*Id.*) Mr. Resch refused the assistance of a Hearing Investigator but provided a written statement and diagram. (*Id.*) The ALJ considered all the evidence but

10

did not agree that Mr. Resch's statement supported an affirmative defense to the charge as is required for a valid defense. (*Id.*) The ALJ found the prisoner guilty and imposed the sanction of 10 days of Detention from 8/19/19 to 8/29/19. (*Id.*) The maximum allowable detention would have been 30 days. (*Id.*) No Request for Rehearing was filed by Mr. Resch. As a result, Mr. Resch did not exhaust his administrative remedies in this case. (*Id.*)

The 4/22/19 Disobeying a Direct Order Class II misconduct was heard pursuant to policy and a decision rendered finding Mr. Resch guilty of the misconduct. (*Id.*) While Mr. Resch argued that he did not hear the order, testimony of the officer involved indicated that when Mr. Resch was ordered to move, he responded by answering, "where", indicating he correctly heard the order. (*Id.*) Mr. Resch did not immediately move which he was required to do. (*Id.*) The hearing officer found the officer to be credible, found Mr. Resch guilty of the charge, and issued the sanction of 2 days of top lock served 5/2/19 to 5/4/19. (*Id.*) There is no evidence that Mr. Resch forwarded any appeal to the Deputy Warden as is required under policy in order to exhaust administrative remedies. (*Id.*) No grievance was filed through to Step

11

III regarding any alleged due process issue, again failing to meet policy requirements for exhausting administrative remedies. (*Id.*)

The 8/15/19 Out of Place Class II misconduct was heard pursuant to policy and a decision rendered finding Mr. Resch guilty of the misconduct. (*Id.*) Mr. Resch did not put forth an affirmative defense but rather argued that he had not been properly reviewed on the misconduct. (*Id.*) Evidence was presented, including video evidence. Review with Mr. Resch was attempted, however, Mr. Resch refused participation and refused to sign the misconduct report. (*Id.*) In such cases a copy of the misconduct is left with the prisoner for review and the failed attempt noted in the logbook, and that was done in this case. (*Id.*) This fulfills the obligation of the MDOC to provide notice of the charges at least 24 hours in advance of the hearing. (*Id.*) Therefore, no due process issue existed, and Mr. Resch was found guilty of the charge. (*Id.*) The sanctions imposed were 5 days of Toplock from 8/29/19 to 9/3/19 and 5 days of Loss of Privileges from 9/3/19 to 9/8/19. (*Id.*) There is no evidence that Mr. Resch appealed to the Deputy Warden. As a result, Mr. Resch failed to exhaust his administrative remedies at this point. (*Id.*) Mr. Resch did file a grievance at Step I alleging a due process issue. (*Id.*) However, Mr. Resch failed to follow through filing

12

to Step III. (*Id.*) Therefore, administrative remedies were again not exhausted. (*Id.*)

In summary, there is no credible evidence that Mr. Resch received less than due process. Prisoner Mr. Brandon Resch failed to exhaust his administrative remedies in each of the above cases.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, the MDOC respectfully requests that this Honorable Court sustain their appeal and not require the MDOC to adopt the Settlement Monitor's recommendations.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Scott A. Mertens*
Scott A. Mertens (P60069)
Zachary A. Zurek (P80116)
Assistant Attorneys General
Attorneys for Defendants
Michigan Dep't of Corrections;
Heyns, Finco, Treacher, Stewart,
Woods & Stoddard
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
MertensS@michigan.gov
Dated: October 29, 2020     Zurekz1@michigan.gov

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on October 29, 2020, I electronically filed the *foregoing document(s)* together with this *Certificate of Service* with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record and a hard copy of *same* as placed in First-Class Mail, postage paid, fully addressed as follows:

District Judge David R. Grand
U.S. District Court – Eastern District of Mich.
200 East Liberty St.
Ann Arbor, MI 48107

And to:

Brandon Resch #304507
CARSON CITY CORRECTIONAL FACILITY
10274 BOYER ROAD
CARSON CITY MI 48811

*/s/ Scott A. Mertens*
Scott A. Mertens (P60069)
Zachary A. Zurek (P80116)
Assistant Attorneys General
Attorneys for Defendants
Michigan Dep't of Corrections;
Heyns, Finco, Treacher, Stewart,
Woods & Stoddard
MDOC Division