UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANN MCBRIDE, et al.,

                Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

                Defendants.
_____/

Civil Action No. 15-11222

Sean F. Cox
United States District Judge

David R. Grand
United States Magistrate Judge

## ORDER DENYING REQUEST TO REOPEN THE CASE (ECF No. 231)

**Background**

*The Case and its Resolution*

This class action was brought on behalf of inmates within the Michigan Department of Corrections ("MDOC") who are deaf and/or hard of hearing. Following the Court's March 9, 2018 ruling that the MDOC had violated the Americans with Disabilities Act and Rehabilitation Act, granting partial summary judgment to the class Plaintiffs, and ordering certain relief, the parties reached a settlement, the terms of which were incorporated into a Settlement Agreement. (ECF No. 118-2). One term provided for a Settlement Monitor to monitor the MDOC's compliance with its obligations under the Settlement Agreement. The parties agreed that the "Settlement Monitor's responsibilities [would] be discharged after [a two-year period] if the Settlement Monitor issues written certification to the Court and the Parties that the MDOC is in substantial compliance with its obligations under this Settlement Agreement." (*Id.*, PageID.4369). Further, the parties agreed that the Court

would "retain jurisdiction over this action . . . ***during the period of the Settlement Monitor's term of appointment* . . ."** (*Id.*, PageID.4370) (emphasis added). On March 29, 2019, the Court approved the Settlement Agreement, and ordered that it would "retain[] jurisdiction over this action to enforce the terms of the [Settlement Agreement] as needed." (ECF No. 120). On the same date, the Court made a text entry indicating that the case was "[t]erminated." (3/29/19 text entry).

On February 20, 2020, the parties entered a Stipulated Order that provided a mechanism for class Plaintiffs to raise disputes related to "the implementation of the terms and conditions of the Settlement Agreement" with the Settlement Monitor, agreeing that any challenges of the Settlement Monitor's proposed resolution would be submitted to the undersigned for final resolution. (ECF No. 150). The Stipulated Order provided that its sole purpose was to resolve class member disputes as they "pertain to the implementation of the terms and conditions of the Settlement Agreement." (*Id.*, PageID.4712, 4716).

During the course of the monitoring period, the MDOC worked diligently and in good faith to achieve the parties' agreed-upon goal of "substantial compliance" with its Settlement Agreement obligations. Indeed, during the three-plus years of monitoring, only a few challenges to the MDOC's Settlement Agreement compliance were lodged with the Court pursuant to the aforementioned Stipulated Order dispute resolution procedure, each of which were resolved, either by the Court or by stipulation of the parties. (*See e.g.*, ECF No. 192, 194, 195, 198).

### *Substantial Compliance*

On November 27, 2023, the Settlement Monitor issued his seventh six-month

2

monitoring report, and announced his finding that, based on his extensive monitoring, the "MDOC has certainly demonstrated overall substantial compliance with the requirements of the [Settlement Agreement]." (ECF No. 230, PageID.5202). Accordingly, on December 12, 2023, the Court entered a "Stipulated Order Finding MDOC in Substantial Compliance with the Terms of the Settlement Agreement, Terminating Monitoring, and Terminating this Court's Jurisdiction." (ECF No. 230) (the "Termination Order"). As the Termination Order's title suggests, the Court ordered that its "jurisdiction over this matter [is] hereby terminated." (*Id.*).

### *Request to Reopen the Case*

On December 21, 2023, the Court docketed a letter from Anthony Civone, who is an MDOC inmate presently housed at its Thumb Correctional Facility in Lapeer, Michigan. (ECF No. 231). Civone contends that he is hearing impaired, and that, in violation of the Settlement Agreement's terms, he was recently improperly charged for a pager device by the MDOC's Carson Correction Facility when he was housed there. (*Id.*).[1] Civone contends that the charge was applied on December 12, 2023, the same day the Court entered the Termination Order terminating its jurisdiction over this matter. (*Id.*). Civone claims that "[i]ts [sic] no coincidence" that the timing of the charge corresponded to the date the Termination Order was entered, and that the MDOC employee who charged his

---

[1] Civone's actual complaint seems to be that although he was given the pager in March 2023 free of charge, he was required to sign a form in which he agreed to pay for the pager if it was lost or destroyed. Civone contends that when he recently transferred to a new prison, his pager was "confiscated" but then listed as "destroyed" by the MDOC, such that his prison account was charged $209 for the pager.

3

account had "waited until this Court closed the case" to do so. (*Id.*). Civone thus argues that this case "should be reopened" for "an investigation into MDOC's actions." (*Id.*).

**Discussion**

Under Rule 60(b)(6), the Court may relieve a party from a final judgment, order, or proceeding" for "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This is referred to as Rule 60's "catchall" provision, *Buck v. Davis*, 137 S. Ct. 759, 777 (2017), and while it "vests wide discretion in courts," *id.*, the Rule's scope "is narrower than it sounds: Rule 60(b)(6) permits relief only in 'unusual and extreme situations where principles of equity *mandate* relief.'" *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 327 (6th Cir. 2014) (quoting *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007)) (emphasis in original). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors." *Buck,* 137 S. Ct. at 778. The Court will deny Civone's request as he has not shown "extraordinary circumstances" for reopening the case.

First and foremost, the Settlement Monitor has certified that the MDOC is in substantial compliance with its obligations under the Settlement Agreement, and the Court has entered the Termination Order, which terminated its jurisdiction over this matter. (ECF No. 230). For those reasons alone, reopening the case is not appropriate. Second, even examining Civone's allegations, he has not shown "extraordinary circumstances" that would warrant reopening the case. The Settlement Agreement required the MDOC to achieve "substantial compliance" with the Settlement Agreement's terms – a very significant level of compliance, as determined by an experienced neutral Settlement

4

Monitor. The MDOC was not required to achieve absolute perfection, free of any and all errors and disputes. Thus, even if Civone was wrongly charged for the pager, that would not undermine the Settlement Monitor's "substantial compliance" finding, the termination of his monitorship, or the termination of this Court's jurisdiction in this matter. Finally, the Court notes that Civone is not prejudiced by the Court's denial of his request to reopen this case because he retains the right to pursue any claim he may have through the normal course outside of this litigation.[2]

**Conclusion**

For all of the reasons stated above, Civone's request to reopen the case **(ECF No. 231)** is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 27, 2023                    s/David R. Grand
Ann Arbor, Michigan                         DAVID R. GRAND
                                            United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 27, 2023.

                                            s/Eddrey O. Butts
                                            EDDREY O. BUTTS
                                            Case Manager

---

[2] While this Order is without prejudice to Civone's rights to pursue a claim, the Court strongly encourages Civone and the MDOC to attempt to resolve the issue on their own.