UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANN MCBRIDE, *et al.*,

Plaintiffs,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, *et al.*,

Defendants.
__________________________________/

Civil Action No. 15-11222

Robert J. White
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DENY MOTION FOR PRELIMINARY INJUNCTION (ECF No. 238)**

**Background**

***The Case and its Resolution***

This class action was brought on behalf of inmates within the Michigan Department of Corrections ("MDOC") who are deaf and/or hard of hearing. Following the Court's March 9, 2018 ruling that the MDOC had violated the Americans with Disabilities Act and Rehabilitation Act, granting partial summary judgment to the class Plaintiffs, and ordering certain relief, the parties reached a settlement, the terms of which were incorporated into a Settlement Agreement. (ECF No. 118-2). One term provided for a Settlement Monitor to monitor the MDOC's compliance with its obligations under the Settlement Agreement. The parties agreed that the "Settlement Monitor's responsibilities [would] be discharged after [a two-year period] if the Settlement Monitor issues written certification to the Court and the Parties that the MDOC is in substantial compliance with its obligations under this

Settlement Agreement." (*Id.*, PageID.4369). Further, the parties agreed that the Court would "retain jurisdiction over this action . . . ***during the period of the Settlement Monitor's term of appointment*** . . ." (*Id.*, PageID.4370) (emphasis added). On March 29, 2019, the Court approved the Settlement Agreement, and ordered that it would "retain[] jurisdiction over this action to enforce the terms of the [Settlement Agreement] as needed." (ECF No. 120). On the same date, the Court made a text entry indicating that the case was "[t]erminated." (3/29/19 text entry).

On February 20, 2020, the parties entered a Stipulated Order that provided a mechanism for class Plaintiffs to raise disputes related to "the implementation of the terms and conditions of the Settlement Agreement" with the Settlement Monitor, agreeing that any challenges of the Settlement Monitor's proposed resolution would be submitted to the undersigned for final resolution. (ECF No. 150). The Stipulated Order provided that its sole purpose was to resolve class member disputes as they "pertain to the implementation of the terms and conditions of the Settlement Agreement." (*Id.*, PageID.4712, 4716).

During the course of the monitoring period, the MDOC worked diligently and in good faith to achieve the parties' agreed-upon goal of "substantial compliance" with its Settlement Agreement obligations. Indeed, during the three-plus years of monitoring, only a few challenges to the MDOC's Settlement Agreement compliance were lodged with the Court pursuant to the aforementioned Stipulated Order dispute resolution procedure, each of which were resolved, either by the Court or by stipulation of the parties. (*See e.g.*, ECF No. 192, 194, 195, 198).

***Substantial Compliance***

On November 27, 2023, the Settlement Monitor issued his seventh six-month monitoring report, and announced his finding that, based on his extensive monitoring, the "MDOC has certainly demonstrated overall substantial compliance with the requirements of the [Settlement Agreement]." (ECF No. 230, PageID.5202). Accordingly, on December 12, 2023, the Court entered a "Stipulated Order Finding MDOC in Substantial Compliance with the Terms of the Settlement Agreement, Terminating Monitoring, and Terminating this Court's Jurisdiction." (ECF No. 230) (the "Termination Order"). As the Termination Order's title suggests, the Court ordered that its "jurisdiction over this matter [is] hereby terminated." (*Id.*).

***Motion for Preliminary Injunction (ECF No. 238)***

On September 9, 2026, David Smith, who is an MDOC prisoner, filed a Motion for Preliminary Injunction, in which he appears to claim that the MDOC violated the Settlement Agreement "by issuing false misconducts to a deaf/hearing impaired prisoner." (ECF No. 238, PageID.5255). Much of Smith's motion is incomprehensible, but in essence, he seems to allege that he and others are receiving false misconducts for using "spruce yard phones" and "JPAY while on LOP." (*Id.*, PageID.5257-68). Thus, Smith asks the Court to "enjoin the named persons from any further criminal acts under the color of law contrary to MCL 750.248." (*Id.*, PageID.1568).

**<u>Discussion</u>**

First and foremost, the underlying civil action in this matter is closed and the Court is no longer overseeing it. As explained above, almost three years ago the Settlement

Monitor certified that the MDOC was in substantial compliance with its obligations under the Settlement Agreement, and the Court entered the Termination Order, which terminated its jurisdiction over this closed case. (ECF No. 230). It is therefore generally inappropriate for Smith to attempt to assert new claims for relief in this civil action. Of course, Smith does remain free to commence a new civil action related to the alleged violation of his rights.

Notwithstanding the foregoing, the Court recognizes that under Rule 60(b)(6), it may relieve a party from a final judgment, order, or proceeding" for "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This is referred to as Rule 60's "catchall" provision, *Buck v. Davis*, 137 S. Ct. 759, 777 (2017), and while it "vests wide discretion in courts," *id.*, the Rule's scope "is narrower than it sounds: Rule 60(b)(6) permits relief only in 'unusual and extreme situations where principles of equity *mandate* relief.'" *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 327 (6th Cir. 2014) (quoting *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007)) (emphasis in original). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors, including 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck,* 137 S. Ct. at 778 (quoting *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863–864 (1988)).

Smith's motion does not demonstrate any "extraordinary circumstances" for reopening the case or granting the specific relief he seeks. Indeed, as noted above, Smith's allegations are unclear at best – including how his allegations are connected to this litigation and the Settlement Agreement – and he may still pursue a claim by commencing

a new civil action. There is thus no risk of injustice or prejudice to Smith by denying his instant motion, and no risk of undermining the public's confidence in the judicial process.

Accordingly, **IT IS RECOMMENDED** that Smith's instant motion for preliminary injunction **(ECF No. 238)** be **DENIED**.

**Conclusion**

For all of the reasons stated above, it is **RECOMMENDED** that Smith's Motion for Preliminary Injunction **(ECF No. 238)** be **DENIED**.

Dated: October 19, 2026
Ann Arbor, Michigan

s/David R. Grand
DAVID R. GRAND
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections

must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 19, 2026.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager